(August 27, 1984)

■ MURRAY ADLER et al., Appellants-Respondents, v WILLIAM WARREN, Respondent, and ROMAN CATHOLIC ARCHDIOCESE OF NEW YORK, Respondent-Appellant. — In a negligence action to recover damages for personal injuries, etc., arising out of an automobile accident, plaintiffs appeal and defendant Roman Catholic Archdiocese of New York cross-appeals from an order of the Supreme Court, Rockland County (Gurahian, J.), dated December 15, 1983, which denied their motion and cross motion, respectively, for summary judgment.

Order modified, on the law, by granting plaintiffs' motion to the extent that summary judgment is awarded against defendant Warren and is otherwise denied. As so modified, order affirmed, with costs to the plaintiffs against defendant Warren.

Plaintiffs have established that defendant Warren's vehicle struck their vehicle head-on after traveling in the wrong direction on the New York State Thruway. Warren, a pastor of a parish of the Roman Catholic Archdiocese of New York, was returning to his parish residence after socializing on his day off. Warren, who had been drinking, found himself on the wrong side of the highway, pulled onto the shoulder and went to sleep. Upon his awakening at about 3:45 A.M., he drove a short distance in the wrong direction before he struck plaintiffs' vehicle. Warren's violation of section 1130 of the Vehicle and Traffic Law established a prima facie case of negligence (see *Pfaffenbach v White Plains Express Corp.,* 17 NY2d 132) and in the absence of any explanation justifying the violation the proof is so convincing that the inference of negligence is inescapable (see *Cebula v Bonime,* 92 AD2d 856).

However, we find issues of fact as to whether Warren was in the scope of his employment at the time of the accident. The standard is whether the employee's activity was a natural and foreseeable incident of the employment (*Riviello v Waldron,* 47 NY2d 297). Although Warren stated at a deposition that he was

off from work on the day prior to the morning of the accident, there was no indication of when his duties commenced on the day of the accident, and further discovery of the nature of his duties would appear necessary. Finally, we see no willful or contumacious refusal on the part of the Archdiocese to comply with an order directing disclosure of Warren's employment records since it was established that the records already furnished were the only ones in existence (see *McIntosh v Flight Safety,* 54 AD2d 559). Lazer, J. P., Brown, Boyers and Eiber, JJ., concur.