■ ALDONA SMITH, Respondent, v THE LIMITED, Doing Business as LERNER SHOPS, Defendant, and FJC SECURITY SERVICE, INC., et al., Appellants. [655 NYS2d 418] —In an action to recover damages for personal injuries, the defendants FJC Security Service, Inc. and Tyrone Sanders appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Lerner, J.), entered March 1, 1996, as, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $15,000.

Ordered that the judgment is reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, and a new trial is granted on the issue of damages only, unless within 20 days after service upon the plaintiff of a copy of this decision and order, with notice of entry, the plaintiff shall

serve and file in the office of the Clerk of the Supreme Court, Queens County, a written stipulation consenting to decrease the verdict as to damages from the sum of $15,000 to $5,000, and to the entry of an amended judgment in the principal sum of $5,000. In the event that the plaintiff so stipulates, then the judgment, as so decreased and amended, is affirmed insofar as appealed from, with costs to the appellants.

We reject the appellants' argument that the verdict was against the weight of the evidence. A jury verdict is not to be set aside unless the jury could not have reached its verdict upon any fair interpretation of the evidence (*see, Cohen v Hallmark Cards,* 45 NY2d 493, 499). The evidence at trial established that Tyrone Sanders assaulted the plaintiff while he was acting within his capacity as a security guard and that the assault was effectuated to advance his employer's interest (*see, Riviello v Waldron,* 47 NY2d 297, 302; *Santamarina v Citrynell,* 203 AD2d 57, 59). The statements in the appellants' verified answer that "Sanders was employed by FJC Security Services" and that FJC Security Service, Inc., had entered into an agreement with The Limited doing business as Lerner Shops constituted formal judicial admissions which were not otherwise controverted at trial (*see,* Prince, Richardson on Evidence § 8-215 [Farrell 11th ed]; Fisch, Evidence § 803 [2d ed 1977]; *Bogoni v Friedlander,* 197 AD2d 281, 291-292; *Jack C. Hirsch, Inc. v Town of N. Hempstead,* 177 AD2d 683).

However, we find that the damages for pain and suffering for a sprain in the right index finger are excessive to the extent indicated (*see,* CPLR 5501 [c]).

The appellants' remaining contention is unpreserved for appellate review (*see, Brodeur v Cooper,* 182 AD2d 666, 667). Mangano, P. J., Ritter, Sullivan, Altman and McGinity, JJ., concur.