■ JOSEPH JACCARINO, Respondent, v SUPERMARKETS GENERAL CORPORATION, Doing Business as PATHMARK, Appellant. [676 NYS2d 606] —In an action to recover damages for assault, false arrest, and negligent hiring, the defendant appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Belen, J.), dated July 31, 1997, as denied that branch of its motion which was for summary judgment dismissing the plaintiff's cause of action to recover damages for assault.

Ordered that the order is affirmed insofar as appealed from, with costs.

Contrary to the defendant's contentions, evidence indicating that it specifically instructed its security guards to refrain from physical contact with customers does not compel the conclusion that, as a matter of law, the security guard in question was acting beyond the scope of his employment when he allegedly assaulted the plaintiff (*see, Riviello v Waldron,* 47 NY2d 297, 302; *see also, Sims v Bergamo,* 3 NY2d 531; *Smith v The Limited,* 237 AD2d 345; *Young Bai Choi v D & D Novelties,* 157 AD2d 777). As stated by the Supreme Court, the circumstances surrounding the altercation are in sharp dispute such that summary judgment on the plaintiff's assault claim is inappropriate (*see, Zuckerman v City of New York,* 49 NY2d 557). Rosenblatt, J. P., Ritter, Copertino and Florio, JJ., concur.

■ DOROTHY R. KORNBLITH et al., Respondents, v BERTRAM M. OSTRAU, Appellant. [675 NYS2d 302] —In an action, *inter alia,* to recover on a personal guaranty, the defendant appeals from an order of the Supreme Court, Westchester County (Bellantoni, J.), entered January 9, 1998, which granted the plaintiffs' motion for summary judgment on the issue of liability.

Ordered that the order is affirmed, with one bill of costs.

In moving for summary judgment, the plaintiffs established prima facie entitlement to recovery on the "Guaranty, Indemnity and Security Agreement" signed by the defendant, and the defendant failed to submit evidence sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557). Bracken, J. P., Pizzuto, Altman and Luciano, JJ., concur.