■ LUIS C. SANCHEZ, Plaintiff, v NEW YORK CITY TRANSIT AUTHORITY, Respondent, and CHRISTOPHER HUWER, Appellant. [678 NYS2d 664] —In an action to recover damages for personal injuries, the defendant Christopher Huwer appeals from an order of the Supreme Court, Kings County (Bruno, J.), dated July 31, 1997, which denied his motion for an award of legal fees pursuant to Public Officers Law § 18.

Ordered that the order is affirmed, with costs.

The plaintiff brought this action to recover damages for personal injuries allegedly caused by the appellant, a New York City Transit Police Officer, during an off-duty altercation. After the merger of the New York City Transit Police Department with the New York City Police Department, the appellant sent a letter to the Corporation Counsel of the City of New York requesting that the Corporation Counsel undertake his defense in this matter. By letter dated November 15, 1996, the Corporation Counsel informed the appellant that it had determined not to provide for his defense in this action because, *inter alia*, the appellant's actions were not within the scope of his employment with the New York City Transit Authority. The appellant then moved in this action, in effect, to compel the City to assume the cost of his defense pursuant to Public Officers Law § 18. That section, among other things, provides for the defense and indemnification of officers and employees of public entities in civil actions "arising out of any alleged act or omission which occurred or allegedly occurred while the employee was acting within the scope of his public employment or duties" (Public Officers Law § 18 [3] [a]).

Although we note that the motion for an award of legal fees should ordinarily have been brought in the form of a proceeding pursuant to CPLR article 78 to challenge the determination of the Corporation Counsel.(*see, Frontier Ins. Co. v State of New York,* 87 NY2d 864), we note, in any event, that the determination as to whether the appellant was acting in the scope of his employment at the time of the incident is a factual one (*see, Riviello v Waldron,* 47 NY2d 297, 303; *see also, Zimmer v Town of Brookhaven,* 247 AD2d 109) to be determined in the first instance by the Corporation Counsel, "and [the] determination may be set aside only if it lacks a factual basis, and in that sense, is arbitrary and capricious" (*Matter of Williams v City of New York,* 64 NY2d 800, 802; *Matter of Polak v City of Schenectady,* 181 AD2d 233). The Corporation Counsel's conclusion that the altercation underlying the plaintiff's action was personal in nature, and that the appellant was not acting within the scope of his employment, had a clear basis in fact in that the altercation was caused by a traffic dispute while the appellant was off-duty. Further, during the course of the confrontation, the appellant failed to identify himself as a law-enforcement official (*see, Pekarsky v City of New York,* 240 AD2d 645; *Weitman v City of New York,* 222 AD2d 316). Rosenblatt, J. P., O'Brien, Sullivan, Krausman and Florio, JJ., concur.