■ MARIE J. BAPTISTE et al., Appellants, v NEW YORK CITY TRANSIT AUTHORITY et al., Respondents. [715 NYS2d 156] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Bruno, J.), dated October 22, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The Supreme Court erred in granting the defendants' motion for summary judgment dismissing the complaint. The Supreme Court held that the defendants cannot be held vicariously liable for the acts committed by their employee bus driver in attempting to eject the plaintiff Marie Jean Baptiste from a bus. There exist issues of fact as to whether the bus driver was acting within the scope of his employment and in furtherance of the defendants' business during the course of the incident with the injured plaintiff and whether his actions could have reasonably been anticipated by the defendants (*see, Riviello v Waldron,* 47 NY2d 297, 302; *Jaccarino v Supermarkets Gen. Corp.,* 252 AD2d 572; *Kirkman v Astoria Gen. Hosp.,* 204 AD2d 401, 402; *Santamarina v Citrynell,* 203 AD2d 57, 59; *Adler v Warren,* 104 AD2d 476). Bracken, J. P., Santucci, Altman and Florio, JJ., concur.