■ Michael McDonald, Plaintiff, v Tishman Interiors Corporation et al., Defendants and Third-Party Plaintiffs-Respondents. Anchor Construction, Inc., Third-Party Defendant-Appellant, et al., Third-Party Defendant. (And Other Actions.) [738 NYS2d 13] —Order, Supreme Court, New York County (Elliott Wilk, J.), entered on or about September 15, 2000, which granted partial summary judgment to third-party plaintiffs Tishman Interiors (Tishman) and Carnegie Hall Corp. (Carnegie) on their claims for common-law and contractual indemnification and breach of contract against third-party defendant Anchor Construction (Anchor), unanimously reversed, on the law, without costs, and summary judgment denied in all such respects.

In this action brought under the Labor Law by a subcontractor's employee, for injuries sustained in the course of a renovation/construction project at Carnegie Hall, the owner of the property, Carnegie, and the construction manager, Tishman, interposed a third-party claim against the general contractor, Anchor, and subcontractor, Murco Contracting, asserting that they were contractually required to indemnify the owner and to obtain insurance naming and covering Tishman and Carnegie.

Tishman and Carnegie's third-party action against Anchor and Murco contains causes of action for common-law indemnification, contractual indemnification, and breach of contract for failure to obtain and maintain the necessary insurance. Tishman, Carnegie, and their insurer also commenced a separate declaratory judgment action against, inter alia, Anchor and its liability insurer, Colonia Insurance, claiming a right to coverage as additional insureds.

In the underlying motion for summary judgment on the third-party claim, the motion papers did not specify the cause(s) of action to which the motion applied. The notice of motion merely asserted that Tishman and Carnegie were "entitled to be defended and indemnified by third-party defendants as a matter of law," while their supporting affirmation argued that they should be indemnified based on Anchor's asserted breach of its contractual obligation to procure insurance coverage for them. The sole document offered in support of the claimed breach was an unsworn, single-page handwritten note faxed from Anchor's insurance carrier, Colonia/AXA Global Risks, stating that Tishman was *not* an additional insured under their policy.

Summary judgment was inappropriate upon the submitted documents. The only basis for the claimed right to indemnification was the asserted breach of contract, and the unsworn document submitted to prove that point was insufficient to establish as a matter of law the claimed breach by Anchor. The faxed note denying coverage, written by Heide Clifford, an agent of Colonia and/or AXA Global Risks, was apparently based solely upon a fax sent to her from an agent of AFNY, Inc., who asserted that a review of her file revealed that Anchor "does not have an endorsement stating Tishman as an additional insured or on a blanket policy according to my file." Those documents are neither sworn or affirmed, nor do they even contain any reference to Carnegie.

We further note that Tishman and Carnegie's position here conflicts with that in their pending declaratory judgment ac-

tion, in which they assert that they are additional insureds under Anchor's Colonia policy (*see, Tishman Interiors Corp. v Anchor Constr.*, Index No. 119679/99).

Additionally, Anchor did not have a sufficient opportunity to obtain the necessary documentation or depositions from its insurance carrier, the carrier's agent and its own broker, regarding whether Anchor's attempt to include Tishman and Carnegie as additional insureds under its liability policy went awry. Indeed, the declaratory judgment action may have complicated the discovery process since Colonia was no longer a nonparty. Particularly since there is no showing that Anchor's need for discovery has, or will, unduly delay the process, it is reasonable to permit further discovery which might well reveal facts supporting opposition to the breach of contract claim.

Finally, any limitation of the damages to which Tishman and Carnegie may be entitled, pursuant to *Inchaustegui v 666 5th Ave. Ltd. Partnership* (96 NY2d 111), would be premature at this juncture, inasmuch as the Court is unable to determine which insurance policies will cover the claimed injuries, and to what extent. Concur—Nardelli, J.P., Williams, Andrias, Saxe and Friedman, JJ.