■ Joseph Corson et al., Appellants, v City of New York et al., Respondents, et al., Defendants. [736 NYS2d 71] —In an ac-

tion, inter alia, to recover damages for false arrest, the plaintiffs appeal from a judgment of the Supreme Court, Richmond County (Ponterio, J.), dated February 14, 2001, which, upon the granting of the motion of the defendants City of New York and New York City Police Department to dismiss the complaint insofar as asserted against them for failure to establish a prima facie case, dismissed the complaint insofar as asserted against those defendants.

Ordered that the judgment is reversed, on the law, with costs, the motion of the defendants City of New York and New York City Police Department to dismiss the complaint insofar as asserted against them for failure to establish a prima facie case is denied, the jury verdict finding that the defendants John Trebone and John Romani falsely arrested the plaintiff Joseph Corson is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a trial on damages.

After the plaintiff Joseph Corson (hereinafter the plaintiff) complained to police about an illegally-parked car across the street from his house, two New York City Police Officers, the defendants John Trebone and John Romani, responded to the scene and ticketed the car. One of the officers called the plaintiff out of his house and the plaintiff complied. The parties sharply dispute what occurred next, but the end result was that the plaintiff was arrested, handcuffed, placed in a patrol car, and transported to the police precinct, where he was placed in a holding cell, still handcuffed. According to the plaintiff, the officers arrested him for no reason, while the officers testified that the plaintiff had grabbed one of the officers by the shoulder and spun him around, causing him to slip and drop his memo book. The plaintiff was charged with obstruction of governmental administration, disorderly conduct, and harassment, and given a desk appearance ticket. Thereafter, the plaintiff and his wife brought the instant action against, among others, the City of New York and the New York City Police Department (hereinafter the NYPD) to recover damages, inter alia, for false arrest. Although the jury returned a verdict in favor of the plaintiffs on their cause of action alleging false arrest, the trial court subsequently granted the motion of the City and the NYPD to dismiss the complaint on the ground that the plaintiffs had failed to establish a prima facie case that the officers were acting within the scope of their employment when they arrested the plaintiff. A judgment was entered dismissing the complaint insofar as asserted against City and the NYPD. On the plaintiffs' appeal, we reverse.

"The doctrine of respondeat superior renders an employer

vicariously liable for torts committed by an employee acting within the scope of the employment. Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (*Judith M. v Sisters of Charity Hosp.*, 93 NY2d 932, 933; *see, Riviello v Waldron*, 47 NY2d 297). "[B]ecause the determination of whether a particular act was within the scope of the servant's employment is so heavily dependent on factual considerations, the question is ordinarily one for the jury" (*Riviello v Waldron, supra*, at 303; *see, Sanchez v New York City Tr. Auth.*, 254 AD2d 345, 346; *Jaccarino v Supermarkets Gen. Corp.*, 252 AD2d 572). The trial court erred in finding, as a matter of law, that the officers were not acting within the scope of their employment when they arrested the plaintiff. Rather, the evidence was sufficient to establish a prima facie case that the officers were acting within the scope of their employment such that the issue should have been submitted to the jury for resolution (*see, Riviello v Waldron, supra; Sanchez v New York City Tr. Auth., supra; Jaccarino v Supermarkets Gen. Corp., supra; cf., Savarese v City of New York Hous. Auth.*, 172 AD2d 506). Therefore, the judgment is reversed, the jury verdict is reinstated, and the matter is remitted to the Supreme Court, Richmond County, for a trial on damages. Feuerstein, J.P., Krausman, Friedmann and Schmidt, JJ., concur.