■ Peter Asare et al., Appellants, v Edwin Ramirez et al., Defendants, and New York City Transit Authority et al., Respondents. [772 NYS2d 810]—

Order, Supreme Court, New York County (Robert Lippmann, J.), entered March 25, 2003, which denied plaintiffs' motion for partial summary judgment against the Transit defendants, unanimously affirmed, without costs.

A bus driven by defendant Ramirez rear-ended a parked car

owned by defendant Beck and operated by defendant Goldstein, causing a chain-reaction collision with four other parked vehicles, the third of which was owned by plaintiff Turkson and occupied by plaintiffs Asare and Boadu. Plaintiffs' motion for partial summary judgment was denied based on the existence of factual issues as to whether Ramirez was acting within the scope of his employment and whether he intentionally drove his bus into the first car after a dispute with its driver (*see e.g. Baptiste v New York City Tr. Auth.*, 276 AD2d 730 [2000]).

Plaintiffs objected to the admissibility of documentary evidence in the form of investigative reports, submitted in opposition to their summary judgment motion. These reports are the Transit Authority's own business records, prepared and signed by staff supervisors, so their lack of authentication was not fatal, nor was the use of counsel's affidavit to introduce them improper (*see State of New York v Tarrytown Corporate Ctr., II*, 208 AD2d 1009, 1011 [1994]). There are sufficient indicia of reliability in their reflection of interviews of identified witnesses at the scene shortly after the accident. The reports contain evidence both inculpatory (the witnesses' statements) and exculpatory (Ramirez's explanation), as well as the investigators' personal observations at the accident scene, such as the damage to the bus and the other vehicles involved. There is no indication that the reports were prepared for this litigation, rather than as part of the Transit Authority's routine investigation of accidents involving its drivers.

We have considered plaintiffs' other arguments and find them unavailing. Concur—Buckley, P.J., Williams, Lerner and Marlow, JJ.