GIBRALTAR STEEL CORPORATION, Appellant, v GIBRALTAR METAL PROCESSING, Also Known as GIBRALTAR METAL PROCESSORS, et al., Defendants, and SHELDON FRANK, Respondent. [796 NYS2d 814]—

Appeal from an order of the Supreme Court, Erie County (Joseph G. Makowski, J.), entered April 12, 2004. The order, insofar as appealed from, granted that part of the motion of defendants Jack Douds, Del Douds and Sheldon Frank to dismiss the complaint against defendant Sheldon Frank.

It is hereby ordered that the order insofar as appealed from be and the same hereby is unanimously reversed on the law without costs, that part of the motion with respect to defendant Sheldon Frank is denied and the complaint against him is reinstated.

Memorandum: Supreme Court erred in granting that part of the motion of the individual defendants seeking dismissal of the complaint against Sheldon Frank (defendant). As a preliminary matter, we note that the court properly treated the motion as one brought pursuant to CPLR 3211 (a) (7). "In assessing a motion under CPLR 3211 (a) (7), . . . a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and 'the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88 [1994]). Affidavits and other evidentiary material may also be considered to "establish conclusively that plaintiff has no cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636 [1976]; *see Vorel v NBA Props.*, 285 AD2d 641 [2001]). Any facts in the complaint and submissions in opposition to the motion to dismiss are accepted as true, and the benefit of every possible favorable inference is afforded to the plaintiff (*see 511 W. 232nd Owners Corp. v Jennifer Realty Co.*, 98 NY2d 144, 151-152 [2002]; *see also* CPLR 3026).

In accordance with that standard of review, we agree with plaintiff that the court erred in granting that part of the motion to dismiss with respect to defendant. In support of the motion, defendants contended in relevant part that defendant was not a partner of the partnership allegedly liable to plaintiff, i.e., defendant Gibraltar Metal Processing, also known as Gibraltar Metal Processors. The complaint alleges, however, and we must accept as true, that defendant was a partner of the partnership at all times relevant to plaintiff's action. The documents submitted by defendants in support of the motion, including the 1993 certificates of assumed name and the 1995 partnership federal tax return, do not conclusively establish that defendant was not a partner of the partnership in 2001 or 2002, when the debt at issue accrued. Therefore, dismissal was not warranted based on the documents submitted by defendants in support of the motion. In addition, the complaint, viewed together with the evidentiary material submitted by plaintiff in support thereof (*see Leon*, 84 NY2d at 88), is sufficient to plead partnership by estoppel as a theory of liability (*see generally* Partnership Law § 27). Present—Hurlbutt, J.P., Scudder, Kehoe, Gorski and Hayes, JJ.