MATTHEW SCIALDONE et al., Respondents, v SIGMUND MAJKA et al., Appellants. [824 NYS2d 510]—

Appeal from an order of the Supreme Court, Oneida County (Anthony F. Shaheen, J.), entered April 15, 2005. The order denied defendants' motion to dismiss the complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action against defendants, the developers of the subdivision containing plaintiffs' home, seeking to recover for damages caused by the flooding of their basement. Supreme Court properly denied defendants' motion to dismiss the complaint. Contrary to the contentions of defendants, we conclude that the complaint, read together with the affidavit and sworn letters submitted in opposition to the motion, makes out a cause of action for fraud (*see generally Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]; *Gibraltar Steel Corp. v Gibraltar Metal Processing*, 19 AD3d 1141, 1142 [2005]). Plaintiffs have sufficiently alleged "a misrepresentation or material omission by defendant[s], on which

[they] relied, that induced plaintiff[s] to purchase the [property]" (*New York Univ. v Continental Ins. Co.*, 87 NY2d 308, 318 [1995]). We reject defendants' contention that the alleged breach of contract cause of action accrued in 1994, when work on the sanitary and storm drainage lines for plaintiffs' property was finished. Because plaintiffs did not enter into a contract with defendants until October 2002, there could have been no breach of that contract in 1994 (*see Kleinschmidt Div. of SCM Corp. v Futuronics Corp.*, 41 NY2d 972, 973 [1977]). Present—Hurlbutt, A.P.J., Scudder, Gorski, Centra and Green, JJ.