■ STEPHEN PALO, JR., et al., Appellants, v CRONIN & BYCZEK, LLP, Respondent. [843 NYS2d 149]—In an action to recover damages for legal malpractice, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Burke, J.), entered October 17, 2006, as granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7) is denied.

A motion to dismiss pursuant to CPLR 3211 (a) (7) "will fail if, taking all facts alleged as true and according them every possible inference favorable to the plaintiff, the complaint states in some recognizable form any cause of action known to our law" (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d 34, 38 [2006]; *see AG Capital Funding Partners, L.P. v State St. Bank & Trust Co.*, 5 NY3d 582, 591 [2005]; *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). "Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claim," is irrelevant to the determination of a predisclosure CPLR 3211 motion to dismiss (*Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP*, 38 AD3d at 38).

Under the foregoing standards, we conclude that the plaintiffs adequately stated a cause of action for legal malpractice. Crane, J.P., Goldstein, Skelos and Carni, JJ., concur.