██ FRANK PORCELLI, Respondent, v KEY FOOD STORES COOPERATIVE, INC., Doing Business as KEY FOOD, Appellant, et al., Defendant. [844 NYS2d 387]—

In an action, inter alia, to recover damages for assault, the defendant Key Food Stores Co-Operative, Inc., doing business as Key Food, appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated January 5, 2007, which denied its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87 [1994]; Parola, Gross & Marino, P.C. v Susskind, 43 AD3d 1020 [2007]; Parsippany Constr. Co., Inc. v Clark Patterson Assoc., P.C., 41 AD3d 805 [2007]; Montes Corp. v Charles Freihofer Baking Co., Inc., 17 AD3d 330 [2005]). " 'Whether the complaint will later survive a motion for summary judgment, or whether the plaintiff will ultimately be able to prove its claim,' is irrelevant to the determination of a predisclosure CPLR 3211 motion to dismiss" (Palo v Cronin & Byczek, LLP, 43 AD3d 1127 [2007], quoting Shaya B. Pac., LLC v Wilson, Elser, Moskowitz, Edelman & Dicker, LLP, 38 AD3d 34, 38 [2006]). Furthermore, a motion to dismiss a complaint on the ground that it is barred by documentary evidence pursuant to CPLR 3211 (a) (1) may be appropriately granted only "where the documentary evidence utterly refutes plaintiff's factual allegations," and conclusively establishes a defense to the asserted claims as a matter of law (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; see Leon v Martinez, 84 NY2d at 88; Long v Allen AME Transp. Corp., 43 AD3d 1114 [2007]; Sheridan v Town of Orangetown, 21 AD3d 365 [2005]).

Applying these principles here, the Supreme Court properly denied the appellant's pre-answer motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint insofar as asserted against it. The complaint adequately states causes of action to recover damages from the appellant for torts allegedly committed by its employee under the doctrine of respondeat superior (see Riviello v Waldron, 47 NY2d 297 [1979]), and on theories of negligent hiring and supervision, which are not required to be pleaded with specificity (see CPLR 3013; Kenneth R. v Roman Catholic Diocese of Brooklyn, 229 AD2d 159, 162 [1997], cert

denied 522 US 967 [1997]). Contrary to the appellant's contention, the printed job description for the position held by its employee did not conclusively establish that the employee was acting outside of the scope of his employment, and for wholly personal reasons, when he allegedly assaulted the plaintiff (see Riviello v Waldron, 47 NY2d 297 [1979]; Ramos v Jake Realty Co., 21 AD3d 744 [2005]; Beauchamp v City of New York, 3 AD3d 465 [2004]; Baptiste v New York City Tr. Auth., 276 AD2d 730 [2000]; Smalls v New York City Tr. Auth., 264 AD2d 771 [1999]; Jaccarino v Supermarkets Gen. Corp., 252 AD2d 572 [1998]). Spolzino, J.P., Krausman, Goldstein and Dickerson, JJ., concur.