■ CESAR ZULUAGA, Respondent, v P.P.C. CONSTRUCTION, LLC, Appellant, et al., Defendant. [847 NYS2d 30]—

Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered August 7, 2006, which, insofar as appealed from, granted plaintiff's motion for partial summary judgment on his Labor Law § 240 (1) and § 241 (6) causes of action, and denied defendant P.P.C. Construction, LLC's (PPC) cross motion for summary judgment dismissing the complaint as against it, and order, same court and Justice, entered May 17, 2007, which, insofar as appealable, denied PPC's motion to renew, unanimously affirmed, without costs.

Partial summary judgment was properly granted to plaintiff

on his Labor Law § 240 (1) claim in this action where plaintiff, while performing asbestos removal work on the building's first floor, was injured when he was struck by a six-foot-long pipe that fell from several floors above where other workers were performing demolition work, including the cutting and removal of pipes from the pipe chase (*see Outar v City of New York*, 5 NY3d 731 [2005]; *Boyle v 42nd St. Dev. Project, Inc.*, 38 AD3d 404 [2007]). The record evidence established that no safety devices were provided, other workers had been injured in the same manner and plaintiff had complained to his supervisor and to a representative of PPC about the danger posed. There was an absence of evidence that plaintiff's conduct was the sole proximate cause of the accident, and the accident report, purportedly prepared by plaintiff's supervisor, which PPC submitted in opposition to the motion, was properly rejected by the court since it was in inadmissible form. No foundation was provided that the report was prepared in the ordinary course of business (CPLR 4518 [a]; *see Matter of Leon RR.*, 48 NY2d 117, 122-123 [1979]), and the affirmation of counsel was insufficient to provide a foundation considering that the report was not PPC's record and had not been exchanged during discovery (*cf. Asare v Ramirez*, 5 AD3d 193, 194 [2004]; *State of New York v Tarrytown Corporate Ctr., II*, 208 AD2d 1009, 1011 [1994]). Nor was the report so patently trustworthy as to be self-authenticating.

Partial summary judgment was properly granted to plaintiff on his Labor Law § 241 (6) cause of action based on sufficiently specific violations of Industrial Code (12 NYCRR) § 23-1.7 (a) and § 23-3.3 (g), requiring that workers be provided with suitable overhead protection in areas where there is risk of falling debris (*see Murtha v Integral Constr. Corp.*, 253 AD2d 637, 639 [1998]). Contrary to PPC's position, the court appropriately permitted plaintiff to amend his bill of particulars to allege the specific code violations and considered the violations listed by counsel on the summary judgment motion despite plaintiff's failure to identify them in his complaint and bill of particulars (*see Walker v Metro-North Commuter R.R.*, 11 AD3d 339 [2004]; *Noetzell v Park Ave. Hall Hous. Dev. Fund Corp.*, 271 AD2d 231 [2000]).

Dismissal of plaintiff's Labor Law § 200 and common-law negligence claims was not warranted since PPC was the general contractor at the site and there are triable issues as to whether it exercised supervision or control over the work plaintiff was performing when he was injured (*see Bush v Gregory/Madison Ave.*, 308 AD2d 360, 361 [2003]).

The motion to renew was properly denied because PPC did not offer a reasonable justification for the failure to obtain foundation evidence for the accident report until after the court's decision on the underlying motion and nearly five years after plaintiff's accident (CPLR 2221 [e]; *Matter of Weinberg*, 132 AD2d 190, 210 [1987], *lv dismissed* 71 NY2d 994 [1988]).

We have considered PPC's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Marlow and Williams, JJ.