■ Aram Babikian, Respondent, v Nikki Midtown, LLC, et al., Appellants, et al., Defendant. [875 NYS2d 20]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered on or about August 7, 2008, which, in an action for personal injuries sustained in an attack against plaintiff by defendant Berlingo outside premises operated by defendants-appellants (defendants) as a nightclub and restaurant, insofar as appealed from as limited by the briefs, denied defendants' motion for summary judgment dismissing the complaint, and awarded plaintiff $100 motion costs, unanimously modified, on the law and upon a search of the record, to dismiss plaintiff's second and fourth causes of action for "negligent assault" and "negligent battery," respectively, and otherwise affirmed, without costs.

We modify to dismiss the second and fourth causes of action for "negligent assault" and "negligent battery" as no such causes of action exist under New York law (*Smiley v North Gen. Hosp.*, 59 AD3d 179 [2009]; *Fariello v City of New York Bd. of Educ.*, 199 AD2d 461, 462 [1993]). As for plaintiff's causes of action for assault (first), battery (third), and negligent hiring against each of the defendants (fifth and sixth), defendants' motion should be denied regardless of the sufficiency of plaintiff's opposing papers, because defendants do not meet their prima facie burden of submitting evidentiary proof in admissible form sufficient to demonstrate as a matter of law that, as they claim, Berlingo was not in their employ at the time of the attack, or, even if he were, that the attack was not within the scope of his duties as a bouncer (*see JMD Holding Corp. v Congress Fin. Corp.*, 4 NY3d 373, 384 [2005]). The unsworn incident report, which was apparently prepared shortly after the attack by defendants' general manager and is submitted by defendants to show that the attack took place outside of their premises, is not authenticated by the attorney's affirmation to which it is attached (*see Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479, 480 [2007]; *McDonald v Tishman Interiors Corp.*, 290 AD2d 266, 267 [2002]), and defendants do not provide an affidavit from the general manager. The affidavit of defendants' bookkeeper stating that Berlingo was in the nightclub on the night of the attack "solely as a patron" is inadmissible hearsay, since she does not aver that she spoke from firsthand knowledge and appellants point to no applicable exception (*see Nucci v Proper*, 95 NY2d 597, 602 [2001]). Nor does the bookkeeper's affidavit lay the foundation necessary for the admissibility of the purported employment records and the computer printout submitted to show what employees were on duty on the date of the attack.

The bookkeeper does not state that she is in charge of employment or employment records or otherwise has firsthand knowledge of Berlingo's employment status, or that she prepared these documents and knows what they are and that they were prepared in the regular course of business (*see People v Kennedy*, 68 NY2d 569, 579-580 [1986]; *Zuluaga*, 45 AD3d at 480). Nor do plaintiff's allegations, liberally construed, show that the site of the attack was so far removed from defendants' premises as to be beyond the area that defendants might have expected their bouncers to control (*see Riviello v Waldron*, 47 NY2d 297, 303-304 [1979]). In view of the foregoing, we need not consider the parties' arguments relating to plaintiff's unpleaded potential cause of action for breach of the public establishment owner's common-law duty to control the conduct of persons on its premises. The award of $100 motion costs was a proper exercise of discretion under CPLR 8106, which requires no showing of frivolousness (*see Greenspan v Rockefeller Ctr. Mgt. Corp.*, 268 AD2d 236, 237 [2000]). Concur—Mazzarelli, J.P., Saxe, Nardelli, DeGrasse and Freedman, JJ.