# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1234**
**CA 12-00641**
PRESENT: CENTRA, J.P., PERADOTTO, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

JOSEPH V. MANTIONE, PLAINTIFF-RESPONDENT,

V                                              MEMORANDUM AND ORDER

CRAZY JAKES, INC., DOING BUSINESS AS CRAZY
JAKE'S RESTAURANT, CRAZY JAKE'S RESTAURANT,
WEBSTER PROPERTIES OF WNY, INC., GREG T. DOEL,
TIMMY L. BROCIUS, DEFENDANTS-APPELLANTS,
ET AL., DEFENDANTS.

---

GROSS, SHUMAN, BRIZDLE & GILFILLAN, P.C., BUFFALO (KATHERINE M. LIEBNER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.

BURDEN, GULISANO & HICKEY, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR PLAINTIFF-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Ralph A. Boniello, III, J.), entered February 16, 2012 in a personal injury action.  The order denied the motion of defendants-appellants to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum:  Plaintiff commenced this action seeking damages for injuries he sustained as a result of the alleged misconduct of "bouncers" at defendant Crazy Jake's Restaurant, a restaurant and bar operated by defendant Crazy Jakes, Inc., doing business as Crazy Jake's Restaurant (collectively, Crazy Jake's).  Before answering the complaint, defendants Webster Properties of WNY, Inc. (Webster), Greg T. Doel and Timmy L. Brocius, as well as Crazy Jake's (collectively, defendants), moved to dismiss the complaint in its entirety against Doel and Brocius; the second cause of action, for intentional tort, against Crazy Jake's and Webster; the third cause of action, for negligent hiring and retention, against Crazy Jake's; and the fourth cause of action, for punitive damages, against Crazy Jake's and Webster (*see* CPLR 3211 [a] [7]).  In support thereof, defendants submitted, inter alia, affidavits from Doel and Brocius, wherein they averred that they were not present at the time of the incident.  Supreme Court properly denied defendants' motion.

In determining a CPLR 3211 motion, "a court may freely consider affidavits submitted by the plaintiff to remedy any defects in the complaint . . . and 'the criterion is whether the proponent of the

pleading has a cause of action, not whether he has stated one' " (*Leon v Martinez*, 84 NY2d 83, 88; *see Gibraltar Steel Corp. v Gibraltar Metal Production*, 19 AD3d 1141, 1142).  The court may also consider affidavits and other evidentiary material to "establish conclusively that plaintiff has no cause of action" (*Rovello v Orofino Realty Co.*, 40 NY2d 633, 636; *see Gibraltar Steel Corp.*, 19 AD3d at 1142).  "Any facts in the complaint and submissions in opposition to the motion to dismiss are accepted as true, [however,] and the benefit of every possible favorable inference is afforded to the plaintiff" (*Gibraltar Steel Corp.*, 19 AD3d at 1142).

Defendants contend that the court erred in denying that part of their motion to dismiss the complaint against Doel and Brocius because the evidence conclusively established that they were not present at the time of the incident and thus were not participants in the wrongful conduct.  We reject that contention.  In opposition to the motion, plaintiff submitted an affidavit in which he stated that Doel and Brocius were present at the time of the incident.  Thus, accepting that fact as true, as we must on this motion to dismiss, we conclude that the evidence does not conclusively establish that Doel and Brocius were not present at the time of the incident and that they therefore were not participants in the wrongful conduct (*see generally Rovello*, 40 NY2d at 636; *Clark v Pine Hill Homes, Inc.*, 112 AD2d 755, 755).  In light of that determination, we need not address at this juncture defendants' contention that Doel and Brocius are entitled to dismissal of the complaint against them on the ground that they cannot be held liable for the torts of others.

Defendants also contend that the court erred in denying that part of their motion seeking dismissal of the cause of action for negligent hiring and retention against Crazy Jake's because the complaint does not allege that Crazy Jake's had reason to know that the bouncers employed by it had a propensity for the conduct that caused the injury.  We reject that contention.  There is no requirement that a cause of action for negligent hiring and supervision be pleaded with specificity (*see Porcelli v Key Food Stores Co-Op., Inc.*, 44 AD3d 1020, 1021).  Moreover, we note that plaintiff submitted an affidavit wherein he averred that, prior to the incident, complaints had been made regarding the use of force by Crazy Jake's bouncers.

We have considered defendants' remaining contentions and conclude that they are without merit.

Frances E. Cafarell

Entered:   December 28, 2012

Clerk of the Court