■ MADELINE FAIELLA, Respondent, v TYSENS PARK APARTMENTS, LLC, et al., Appellants. [975 NYS2d 71]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their notices of appeal and brief, from so much of an order of the Supreme Court, Kings County (Bunyan, J.), dated July 25, 2012, as denied those branches of their respective motions which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against each of them, and granted that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

On August 21, 2010, the plaintiff allegedly was injured in the parking lot of an apartment building owned and operated by the defendants Tysens Park Apartments, LLC, and Apartment Management Associates, LLC. According to the plaintiff, the defendant Lorraine Sweeper, a security officer employed by the defendant Park Avenue Security South, Inc., which provided security services at the subject location, abruptly moved a shopping cart the plaintiff was using to unload items, causing the plaintiff to become startled, lose her balance, and fall to the ground. In November 2011, the plaintiff commenced this action.

The Supreme Court properly denied those branches of the separate motions of the defendants Park Avenue Security South, Inc., and Lorraine Sweeper, and the defendants Tysens Park Apartments, LLC, and Apartment Management Associates, LLC, which were pursuant to CPLR 3211 (a) (5) and (7) to dismiss the complaint insofar as asserted against each of them. "In classifying a cause of action for statute of limitations purposes, the controlling consideration is not the form in which the cause of action is stated, but its substance" (*Rutzinger v Lewis*, 302

AD2d 653, 654 [2003]; *see Tong v Target, Inc.*, 83 AD3d 1046 [2011]). Contrary to the defendants' contentions, the complaint, in substance, alleged a negligence cause of action; it did not allege the intentional tort of assault and battery. As such, the complaint was not time-barred, as it was governed by the three-year statute of limitations applicable to negligence (*see* CPLR 214 [5]; *Schrank v Lederman*, 52 AD3d 494, 496 [2008]), not the one-year statute of limitations applicable to assault and battery (*see* CPLR 215 [3]). The defendants' further contention that the allegations in the complaint failed to state a cause of action to recover damages for negligent hiring and supervision is without merit, as that cause of action is not required to be pleaded with specificity (*see Selechnik v Law Off. of Howard R. Birnbach*, 82 AD3d 1077, 1079-1080 [2011]; *Porcelli v Key Food Stores Co-Op., Inc.*, 44 AD3d 1020, 1021-1022 [2007]; *Mantione v Crazy Jakes, Inc.*, 101 AD3d 1719, 1720 [2012]).

The Supreme Court providently exercised its discretion in granting that branch of the plaintiff's cross motion which was pursuant to CPLR 3025 (b) for leave to amend the complaint. Leave to amend a pleading should be freely given absent prejudice or surprise to the opposing party, unless the proposed amendment is palpably insufficient or patently devoid of merit (*see* CPLR 3025 [b]; *Carroll v Motola*, 109 AD3d 629 [2013]; *Finkelstein v Lincoln Natl. Corp.*, 107 AD3d 759, 761 [2013]; *Lucido v Mancuso*, 49 AD3d 220, 227 [2008]). Moreover, a court shall not examine the legal sufficiency or merits of a pleading unless such insufficiency or lack of merit is clear and free from doubt (*see Lucido v Mancuso*, 49 AD3d at 227). Here, the proposed amended complaint was neither palpably insufficient nor patently devoid of merit. In addition, the defendants were neither prejudiced nor surprised by the proposed amended complaint as it merely clarified the existing negligence cause of action.

The defendants' remaining contention is without merit. Dillon, J.P., Dickerson, Hall and Austin, JJ., concur.