## Mori v Riomar Corp.

2025 NY Slip Op 32756(U)

August 7, 2025

Supreme Court, New York County

Docket Number: Index No. 154687/2020

Judge: David B. Cohen

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:  **HON. DAVID B. COHEN**
                                                                    *Justice*

--------------------------------------------------------------------------------X

HENRY MORI,

                              Plaintiff,

- v -

RIOMAR CORP., MARTHA SILVA FRANSA, KANA
RESTAURANT, D/B/A KANA, D/B/A KANA TAPAS BAR
AND RESTAURANT, ALEJANDRO VEGA, JOHN DOE

                              Defendants.

--------------------------------------------------------------------------------X

| | |
|---|---|
| PART | 58 |
| INDEX NO. | 154687/2020 |
| MOTION DATE | 10/01/2024 |
| MOTION SEQ. NO. | 009 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 009) 226, 227, 228, 229, 230, 231, 232, 233, 234, 235, 236, 237, 238, 239, 240, 241, 242, 243, 244, 245, 246, 247, 248, 249

were read on this motion to/for                        JUDGMENT - SUMMARY                        .

Defendant Riomar Corp. d/b/a Kana Tapas Bar & Restaurant i/s/h/a Kana Restaurant,

d/b/a Kana, d/b/a Kana Tapas Bar and Restaurant (defendant) moves for summary judgment,

pursuant to CPLR 3212, seeking dismissal of plaintiff's claims for negligent hiring, training, and

supervision, and for vicarious liability for its alleged employee's assault and negligence.

Plaintiff opposes.

## A.     BACKGROUND FACTS

This action arises out of an alleged assault that occurred in the early morning hours of

May 5, 2019, at Kana Tapas Bar and Restaurant, located at 324 Spring Street in New York, New

York (premises), owned and operated by defendant.

According to the complaint, on May 5, 2019, at approximately 2:00 a.m., while lawfully

on the premises, plaintiff alleges he was assaulted by an unidentified employee of defendant

referred to as "John Doe" (NYSCEF 1). Plaintiff pleaded that Doe, who was working as a

doorman at the premises, assaulted him, causing serious injuries (*id.*). Plaintiff further pleaded

**154687/2020  MORI, HENRY vs. RIOMAR CORP.**
  **Motion No.  009**

**Page 1 of 9**

[* 1]

that defendant negligently failed to contact emergency medical services, despite knowing that such services were required (*id.*).  Plaintiff sues defendant for negligent hiring, training, and supervision, asserting that it failed to conduct background checks or implement appropriate training and oversight, and is vicariously liable for negligence and assault, because Doe, as an employee, was acting "within the scope of his authority" (*id.*).

### *PLAINTIFF DEPOSITION (NYSCEF 240)*

Plaintiff entered the premises early Saturday morning between 12:00 a.m. and 1:00 a.m., with his brother and others, and paid an entrance cover fee to Doe who was at the door.  Plaintiff was inside the premises with his group when an altercation occurred between his brother and another patron, at which point his brother was escorted out of the premises by another alleged unidentified employee.  Upon confronting the other patron, plaintiff alleges Doe approached him from behind, put him into a chokehold, dragged his body onto the floor and out of the premises, and dropped his limp body, hitting his head hard onto the concrete.  Plaintiff suffers lasting injury from the assault.

### *BILL OF PARTICULARS (NYSCEF 232)*

Plaintiff alleges that he was "viciously attacked by Doe, a member of defendant's staff," who was acting "within the scope of his authority," and that the assault was attributable to defendant's negligent hiring, training, and supervision.  He claims both direct and vicarious liability, including "a vicarious assault" and "vicarious battery" committed "through [defendant's] agents [and] servants."

### *OROFINA DEPOSITION (NYSCEF DOC 236)*

Armando Roberto Orofina testified that, at the time of the alleged incident, he was a 50 percent owner of the premises, along with his business partner, Carlos Vega.  He worked at the

**154687/2020   MORI, HENRY vs. RIOMAR CORP.**
**Motion No.  009**

**Page 2 of 9**

2 of 9

premises from its opening in 1997 or 1998 until the business was sold in February 2020. All employment and payroll records were included with the sale of the business, and he no longer has possession or access to those materials.

Vega was the person responsible for hiring staff. Defendant used no formal employment application, had no written hiring criteria, maintained no employee manual, and did not implement formal training protocols or written performance evaluations. Employees were expected to know their roles without formal instruction.

Orofina did not recall any incident occurring at the premises on May 5, 2019 involving a patron being placed in a chokehold or assaulted. He denied personally placing any patron in a chokehold and did not observe or hear about any such conduct by another individual that evening. He did not know the identity of any person referred to as "John Doe" and did not recall any employee or individual fitting the description provided in the complaint. Defendant did not employ security guards or bouncers, and to his knowledge, no such individual was working the door on the date in question.

### *VEGA DEPOSITION (NYSCEF 245)*

Vega, the other 50 percent owner of the premises, regularly employed three employees: a cook, a bartender, and a waiter, as well as an occasional busboy or DJ. The bartender working at the time was a woman; the cook was male, but the gender of the waiter at the time of the alleged incident was unknown as they had a higher turnover. On Fridays and Saturdays, the kitchen would close at 10:00 p.m., and the cook and waiter would leave sometime between 10:30 p.m. and 11:00 p.m. Thus, during the alleged assault, the only employee on duty at the premises was the female bartender.

**154687/2020 MORI, HENRY vs. RIOMAR CORP.** **Page 3 of 9**
  Motion No. 009

3 of 9

[* 3]

Both Vega and Orofina were present most nights to manage the business, and there were no shifts or staff designated specifically for security. Defendant did not have cover charges, and on the weekends, either he or Orofina would check IDs at the door.

During the employee hiring process, defendant did not provide a written application form or collect resumes, nor did it conduct any criminal background checks. No employee handbook or manual existed, and there were no written policies or protocols regarding hiring, discipline, or employee conduct.

Vega did not recall any incident occurring at the premises on May 5, 2019 involving a patron being placed in a chokehold or assaulted, and he denied personally removing any patron from the premises.

## B.    PARTY CONTENTIONS

Defendant moves for summary judgment, contending there is no evidence that plaintiff was assaulted by its employee or agent, and moreover, plaintiff fails to establish the elements of negligent hiring, training, or supervision. Defendant further argues that it did not employ a bouncer or doorman at the time of the incident and that the alleged tortfeasor remains unidentified. It also contends that plaintiff failed to plead vicarious liability, and that even if such a theory were considered, any tortious conduct would have fallen outside the scope of employment, thereby precluding liability.

Plaintiff opposes, arguing that summary judgment is inappropriate because defendant has not met its burden of eliminating triable issues of fact as to whether Doe was acting within the scope of employment and whether defendant failed to exercise reasonable care in hiring, training, or supervising employees tasked with patron security. Plaintiff contends that defendant's lack of employment records, safety protocols, and supervision procedures, combined

154687/2020   MORI, HENRY vs. RIOMAR CORP.                                    Page 4 of 9
  Motion No.  009

4 of 9

[* 4]

with conflicting testimony, creates factual questions that must be resolved by a jury. Plaintiff also asserts that even if Doe's use of force was excessive, the alleged conduct occurred while performing assigned duties, and thus, vicarious liability remains a viable theory. Plaintiff further responds that respondeat superior is not a separate cause of action but a doctrine for imputing liability, and that the complaint and bill of particulars together provide adequate notice of this theory.

Defendant replies, arguing plaintiff's opposition fails because it relies on improper and unpled theories of liability. It asserts that the bill of particulars cannot introduce a new cause of action for vicarious liability, which was never pleaded in the complaint. Defendant reiterates that no security personnel were employed at the premises, only owner-operators Orofina and Vega, and argues it cannot be held liable for failing to supervise or investigate itself. Defendant also challenges the authenticity and admissibility of a witness affidavit annexed to plaintiff's opposition, alleging it was fraudulently notarized and improperly withheld during discovery.

## C.    LEGAL STANDARD AND CONCLUSION

"On a motion for summary judgment, facts must be viewed 'in the light most favorable to the non-moving party' " (*Vega v Restani Constr. Corp.*, 18 NY3d 499, 503 [2012], quoting *Ortiz v Varsity Holdings, LLC*, 18 NY3d 335, 339 [2011]). The "movant bears the heavy burden of establishing 'a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact' " (*Deleon v New York City Sanitation Dept.*, 25 NY3d 1102, 1106 [2015], quoting *Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). The moving party's "[f]ailure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez*, 68 NY2d, at 324). Only if

**154687/2020   MORI, HENRY vs. RIOMAR CORP.**                                    **Page 5 of 9**
  **Motion No.  009**

5 of 9

[* 5]

movant's burden is met does the burden then shift to the opposing party to demonstrate the existence of a triable issue of fact (*Alvarez* 68 NY2d, at 320, 324; *Zuckerman v City of New York,* 49 NY2d 557 [1980]).

As a threshold matter, the parties dispute whether plaintiff adequately asserted a theory of vicarious liability under the doctrine of respondeat superior. The purpose of a bill of particulars is "to amplify the pleadings, limit the proof and prevent surprise at trial," and it "may not be used to supply allegations essential to a cause of action that was not pleaded in the complaint" or to "add or substitute a new theory or cause of action" (*Paterra v Arc Dev. LLC*, 136 AD3d 474, 475 [1st Dept 2016] [internal quotation marks omitted]). However, courts retain discretion to permit clarification of an existing claim through a bill of particulars where it would not cause undue prejudice or surprise (*see Walker v Metro-North Commuter R.R.*, 11 AD3d 339, 341 [1st Dept 2004]).

Here, even if the complaint does not explicitly invoke respondeat superior, it alleges that "John Doe" acted "within the scope of his authority," as an employee of defendant, and pleads claims for assault and negligence. These allegations, when read in conjunction with the bill of particulars, may reasonably be construed to plead vicarious liability, and alternatively, direct liability for negligent hiring, training, and supervision. Given the absence of prejudice and the consistent factual theory across both pleadings, plaintiff's reliance on respondeat superior is not improper at this stage.

To prevail on summary judgment on the direct liability claim, defendant must demonstrate, through admissible evidence, that either the employee was acting within the scope of his employment, thereby implicating vicarious liability and barring any direct negligence, (*Crandall v Equinox Holdings, Inc.,* 231 AD3d 472 [1st Dept 2024]; *Karoon v New York City Tr.*

**154687/2020   MORI, HENRY vs. RIOMAR CORP.**                                    **Page 6 of 9**
  **Motion No.  009**

6 of 9

*Auth.*, 241 AD2d 323 [1st Dept 1997]), or that it exercised reasonable care in selecting, instructing, and overseeing employees, and that it neither knew nor should have known of the employee's propensity for the type of conduct alleged (*Moore Charitable Found. v PJT Partners, Inc*., 40 NY3d 150, 160 [2023]; *Sandoval v Leake & Watts Servs., Inc*., 192 AD3d 91, 99–101 [1st Dept 2020]).  This requires more than pointing to plaintiff's evidentiary gaps (*see Gonzalez v 98 Mag Leasing Corp.*, 95 NY2d 124, 129 [2000]; *Ballard v Sin City Entertainment Corp.*, 188 AD3d 554 [1st Dept 2020]; *Koulermos v A.O. Smith Water Products*, 137 AD3d 575, 576 [1st Dept 2016]).  Thus, defendant must affirmatively show what hiring procedures were used, what training was given, how employee conduct was monitored, and that it neither knew nor should have known of Doe's propensity for assault.

Defendant has not met that burden.  While it relies on the deposition testimony of Orofina and Vega to claim that only they and the female bartender were present on the night in question, such testimony, unsupported by timecards, personnel files, or other employment records, is insufficient to eliminate triable issues of fact.  A defendant's prima facie burden requires more than conclusory or self-serving denials; it must submit affirmative evidence of its hiring and supervisory practices, and admissible proof addressing whether the alleged assailant was in its employ and acting within the scope of his duties (*Sandoval*, 192 AD3d at 100; *Babikian v Nikki Midtown, LLC,* 60 AD3d 470, 472 [1st Dept 2009]).  According to its own testimony, defendant maintained no written protocols for hiring, training, or supervising employees, and any records that may have existed were sold with the business in 2020.

In the absence of producing such evidence, defendant cannot eliminate triable issues as to whether an employee (or owner) used excessive force and whether it failed to adopt reasonable hiring, training, or supervisory safeguards in light of foreseeable risks (*see Sandoval*, 192

154687/2020   MORI, HENRY vs. RIOMAR CORP.                          Page 7 of 9
Motion No.  009

7 of 9

AD3d at 99–100 [summary judgment denied where employer failed to check references or rebut evidence that abuse by staff was foreseeable based on training materials]; *Babikian*, 60 AD3d at 472 [summary judgment denied where employer failed to identify assailant or provide evidence of hiring or supervision practices]).  For the same reason, defendant fails to show whether it knew or should have known of Doe's propensity for assault.  Accordingly, because defendant fails to make any prima facie showing that it did not employe Doe, or if they did, that he was not the person who assaulted plaintiff, summary judgment must be denied.

Moreover, even if Doe was acting within the scope of employment, thereby eliminating the direct negligence claims as matter of law and triggering vicarious liability, whether an employee was acting within the scope of his employment is typically a question of fact for the jury (*see Riviello v Waldron*, 47 NY2d 297, 303 [1979]).  Although the use of force by bouncers or security personnel may fall within the scope of their duties (*Fauntleroy v EMM Group Holdings LLC*, 133 AD3d 452 [1st Dept 2015]), force that is "so egregious as to constitute a significant departure from the normal methods of performance of the duties" may fall outside the scope of employment as a matter of law (*Rivera v State of New York,* 34 NY3d 383, 391 [2019]).

Here, defendant fails to meet its prima facie burden of demonstrating that the alleged assault was within the scope of authority.  It submits no admissible evidence identifying the individual who assaulted plaintiff or showing that a chokehold was within the duties or expectations of any employee.  In any event, even if defendant had met its initial burden, the record contains conflicting testimony raising triable issues as to whether Doe was an employee of defendant, the assault occurred as described, the force used was excessive, and such conduct was undertaken in furtherance of defendant's business (*see Bilias v Gaslight, Inc.*, 100 AD3d 533, 534 [1st Dept 2012]).

**154687/2020   MORI, HENRY vs. RIOMAR CORP.**
**Page 8 of 9**
  Motion No.  009

8 of 9

Accordingly, defendant's motion for summary judgment is denied. Because the motion can be resolved without reference to the disputed witness affidavit, it is unnecessary to address defendant's arguments concerning its authenticity or notarization.

Accordingly, it is hereby

ORDERED that defendant's motion for summary judgement is denied.

20250807155010DBCOHEN8E7118FDC30B486E89A245202D984A3B

| **8/7/2025** | | | |
|---|---|---|---|
| **DATE** | | | **DAVID B. COHEN, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154687/2020   MORI, HENRY vs. RIOMAR CORP.**
**Motion No.  009**

**Page 9 of 9**

[* 9]