■ VICTOR RIVERA, Respondent-Appellant, v 21ST CENTURY RESTAURANT, INC., Doing Business as McDONALD'S RESTAURANT, Appellant-Respondent. [604 NYS2d 106] —Judgment, Supreme Court, Bronx County (Jerry L. Crispino, J.), entered July 8, 1992, which, after a jury trial, found the defendant liable for negligence and awarded the plaintiff $115,000, plus interest, for past pain and suffering, and order of the same court and Justice, entered September 23, 1992, which, inter alia, denied the plaintiff's motion seeking to set aside the jury verdict on damages and denied the defendant's cross-motion

seeking to set aside the jury verdict on liability, unanimously affirmed, without costs.

The IAS Court properly denied the defendant's motion seeking a directed verdict as to liability based upon the court's determination that the plaintiff had established a prima facie case for submission to the jury. Although a landlord or owner of a public establishment has no duty to protect its patrons from unforeseeable and unexpected assaults nor to take any protective measures unless there was a foreseeable risk of harm from criminal activities of third persons on the premises *(Camacho v Edelman,* 176 AD2d 453, 454), a landowner nevertheless has the duty to control the conduct of persons present on its premises when it has the opportunity to control or is reasonably aware of the necessity for such control *(Lindskog v Southland Rest.,* 160 AD2d 842, 843).

The IAS Court properly determined that the evidence adduced at trial established that the assault upon the plaintiff on the defendant's premises was neither unforeseeable nor unexpected and that the facts support the jury's finding that the defendant's negligence in failing to promptly summon the police, although the defendant had notice of criminal activity on its premises 20 minutes prior to that assault, was a proximate cause of the plaintiff's injuries.

Nor did the IAS Court err in denying plaintiff's motion seeking to set aside the jury verdict awarding the plaintiff $115,000 in damages only for past pain and suffering, where, as here, there was substantial evidence showing that the plaintiff returned to work only two months after sustaining his injury, resumed most of his daily activities, and consistently failed to attend scheduled physical therapy sessions recommended by his physician. In those circumstances, the jury verdict did not deviate materially from what would be reasonable compensation for the injury sustained by the plaintiff (CPLR 5501 [c]; *compare, Petryszyn v Di Fulvio,* 185 AD2d 405 [3d Dept 1992]).

We have reviewed the remaining claims and find them to be without merit. Concur—Sullivan, J. P., Carro, Rosenberger, Ross and Asch, JJ.