■ EDUARDO REYES, an Infant, by His Mother and Natural Guardian, MINORVA REYES, et al., Appellants, v THERESA A. DUNNING, Defendant, and CUMBERLAND FARMS, INC., et al., Respondents. [628 NYS2d 397] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Orange County (Barone, J.), dated May 2, 1994, which granted the motion of the defendants Cumberland Farms, Inc. and V.S.H. Realty, Inc., for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated insofar as it is asserted against the moving defendants.

This action arises out of an automobile accident occurring at the intersection of Union Avenue and the entrance to the Cumberland Farms parking lot, in New Windsor, New York. The 13-year-old injured plaintiff was exiting the Cumberland Farms parking lot onto Union Avenue on a bicycle when he was struck by a vehicle owned and operated by the defendant Theresa Dunning. The plaintiffs commenced this action alleging, *inter alia,* that the defendants Cumberland Farms, Inc.

(hereinafter Cumberland), and V.S.H. Realty, Inc. (hereinafter V.S.H.), the owners and/or occupiers of the Cumberland Farms premises, were negligent in maintaining certain bushes and shrubs so that they obstructed the vision of patrons entering or exiting the premises. The defendants Cumberland and V.S.H moved for summary judgment dismissing the complaint against them and that motion was granted. The plaintiffs now appeal.

As owners and occupiers of a commercial establishment, the defendants Cumberland and V.S.H were "charged with the duty of providing the public with a reasonably safe premises, including a safe means of ingress and egress" (Gallagher v St. Raymond's R. C. Church, 21 NY2d 554, 557). Upon our review of the record, we find that the evidence submitted by the plaintiffs raised an issue of fact as to whether the bushes and shrubs had become so overgrown as to obstruct the injured plaintiff's view as he exited the parking lot, thereby making egress from the premises unsafe. Therefore, summary judgment should have been denied. O'Brien, J. P., Ritter, Pizzuto and Florio, JJ., concur.