■ HERMINIA RODRIGUEZ, Respondent, v SAM WU et al., Defendants, and PUBLIC ADMINISTRATOR OF NEW YORK COUNTY, Appellant. [669 NYS2d 812] —Judgment, Supreme Court, New York County (Louis York, J.), entered August 23, 1996, which, after a jury trial, awarded plaintiff the principal sum of $150,000, unanimously affirmed, without costs.

Plaintiff was struck by a falling ladder while entering the business premises of appellant's decedent. There was evidence at trial that the ladder that struck plaintiff was the property of appellant's decedent, and that it had shortly before the accident been used to paint a sign above the entrance to his store. There was also evidence that subsequent to the sign painting, the ladder had been allowed to remain insecurely against the storefront at a point proximate to the path of entering customers. From this evidence, the jury, employing "the logic of common experience itself" could reasonably have drawn the inferences necessary to assign liability as it did (see, Schneider v Kings Highway Hosp. Ctr., 67 NY2d 743, 745).

We have examined defendant's other contentions and find them to be unpreserved or without merit. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.

■ PATRICIA HORST, Appellant, v 725 FOOD CORP., Doing Business as KEY FOOD, Respondent. [669 NYS2d 811] —Judgment, Supreme Court, New York County (Edward Lehner, J.), entered on or about June 27, 1997, dismissing the complaint, and bringing up for review a prior order, which, in an action by plaintiff store patron against defendant supermarket for failure to provide security, granted defendant's motion for summary judgment, unanimously affirmed, without costs.

The tossing of a potato, which struck plaintiff in the face, by an unidentified patron of defendant was an unexpected and unforeseeable occurrence that defendant had no opportunity to control, and for which it therefore cannot be held liable. There is no evidence that the patron had ever exhibited dangerous or violent behavior before the incident, and immediately after she did, by hitting the manager with a sack of potatoes, the manager went to call the police, and it was while he was on his way to the telephone that the patron threw a potato at plaintiff (cf., Rivera v 21st Century Rest., 199 AD2d 14). Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.