■ FIORE A. VAN DINA et al., Respondents, v CITY OF NEW YORK, Appellant, et al., Defendants. (And a Third-Party Action.) [740 NYS2d 15] —Order, Supreme Court, Bronx County (Stanley Green, J.), entered October 22, 2001, which, inter alia, granted plaintiff's motion to renew, and upon renewal, granted plaintiff partial summary judgment against defendant the City of New York on his Labor Law § 240 (1) and § 241 (6) claims, unanimously affirmed, without costs.

The motion court properly exercised its discretion in granting renewal based on plaintiff's submission of new testimony by a nonparty witness, who did not comply with a deposition subpoena served by plaintiff at the time of the initial motion (*see, Nelson v RPH Constr. Corp.*, 278 AD2d 465). The City's argument that the renewal motion was untimely under CPLR 3212 (a) is not preserved since it was not raised in the motion court, and we decline to consider it (*see, e.g., Brágagnolo v EMC Mtge. Corp.*, 234 AD2d 328).

While the nonparty witness, plaintiff's foreman, did not witness plaintiff's actual fall, he was working with plaintiff at the scene and observed his actions before and after the accident. His testimony corroborated plaintiff's testimony that he fell through an inadequately protected opening in the building's roof, and thus summary judgment to plaintiff as to liability under Labor Law § 240 (1) and § 241 (6) was appropriate. The

hearsay entry in the emergency room records upon which the City relies to raise a factual issue as to plaintiff's claim that he fell through a roof opening, stating that plaintiff fell off a ladder, does not identify plaintiff as the source of the information, and attributing the information to him is little more than an exercise in speculation (*see, Albrecht v Area Bus Corp.*, 249 AD2d 253). Nor did the City present evidence as to the identity of the clinician who made the entry or indicate whether it had ascertained the clinician's availability to testify at trial (*compare, Levbarg v City of New York*, 282 AD2d 239), even though the City had the subject emergency room records for years and was aware that plaintiff disputed the entry. Under these circumstances, the relied on hearsay was insufficient to sustain the City's opposition to summary judgment (*see, Stankowski v Kim*, 286 AD2d 282, *lv dismissed* 97 NY2d 677; *Rue v Stokes*, 191 AD2d 245, 246).

We have considered the City's remaining arguments and find them unavailing. Concur—Tom, J.P., Mazzarelli, Rosenberger, Wallach and Marlow, JJ.