■ VINCENT PHELPS, by His Mother and Natural Guardian, MARY RILEY, et al., Respondents, v BOY SCOUTS OF AMERICA et al., Appellants, et al., Defendants. [762 NYS2d 32] —Order, Supreme Court, Bronx County (Sallie Manzanet, J.), entered July 1, 2002, which, to the extent appealed from as limited by the brief, denied appellants' motion to vacate plaintiffs' note of issue, and order, same court (Janice Bowman, J.), entered January 8, 2003, which denied appellants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Appellants' motion to strike the note of issue so as to enable them to depose certain nonparty witnesses was properly denied inasmuch as the motion was untimely and appellants had previously been afforded a full opportunity to conduct the sought examinations before trial.

Also proper was the court's denial of appellants' motion for summary judgment dismissing the complaint against them alleging that the infant plaintiffs, while attending a Boy Scout camp, were assaulted by older campers, and that the complained-of assaults and ensuing personal injuries were attributable to inadequate supervision by the camp authorities. The record discloses the existence of triable issues as to whether there was a breach of the camp's duty of reasonable care and supervision; whether the alleged assaults followed foreseeably from any such breach; and whether defendant Boy Scouts of America had sufficient control over the operation of the camp to be answerable for harm caused by negligence in the camp's supervision of its charges. We note in these connections that a summer camp is duty-bound to supervise its campers as would a parent of ordinary prudence in comparable circumstances (*see Mirand v City of New York*, 84 NY2d 44, 49-51 [1994]). Thus, the degree of supervision required depends

largely on the surrounding circumstances and, although constant supervision in a camp setting is neither feasible nor desirable, it is plain that very young campers will in many situations require closer oversight than their older counterparts (*see Kosok v Young Men's Christian Assn. of Greater N.Y.*, 24 AD2d 113, 115 [1965]). Certainly, where, as here, very young campers were placed in bunks with much older campers, in apparent violation of camp policy, the need for particular vigilance to assure the safety and welfare of the younger campers should have been evident.

We have considered appellants' remaining contentions and find them unavailing. Concur—Nardelli, J.P., Saxe, Sullivan, Wallach and Williams, JJ.