(October 5, 2004)

■ Terry Lipton et al., Respondents, v New York City Transit Authority, Appellant. [782 NYS2d 269]—

Judgment, Supreme Court, New York County (Robert D. Lippmann, J.), entered January 2, 2004, which, upon a jury verdict, inter alia, awarded plaintiff Terry Lipton damages in the total amount of $845,264.91, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered on or about October 9, 2003, which denied defendant's motion to set aside the verdict, unanimously dismissed, without costs, as subsumed in the appeal from the ensuing judgment.

Contrary to defendant's argument, the audiotape, offered by plaintiffs to impeach the testimony of a defense witness, was properly received in evidence. The testimony of plaintiffs' investigator, who made the tape and participated in the conversation recorded on it, to the effect that the tape completely and accurately reproduced the conversation and had not been altered, provided the necessary foundation for the admission of the tape (*see People v Ely*, 68 NY2d 520, 527 [1986]), and the court properly found that the tape was sufficiently audible to

justify its admission (*see People v Norwood,* 142 AD2d 885, 886 [1988], *lv denied* 72 NY2d 960 [1988]). Defense counsel's deplorable and disruptive behavior during the playing of the tape provided ample justification for his exclusion from the courtroom in order to enable the jury to hear the tape. We note such behavior on the part of trial counsel is wholly unacceptable.

Although defendant maintains that the damages awarded plaintiff Dr. Terry Lipton for pain and suffering and past lost earnings, totaling $815,000, were excessive, our review of the record discloses that the massive rotator cuff injury sustained by Dr. Lipton as a result of defendant's negligence was particularly devastating since Dr. Lipton, a polio victim, had, prior to the accident, relied upon his upper body to ambulate with crutches and was unable to do so effectively thereafter. The evidence showed that Dr. Lipton's rehabilitation from his rotator cuff injury was long and painful and that the injury has permanently and very significantly compromised his mobility and independence. Accordingly, we perceive no basis to conclude that the challenged awards deviate materially from what is reasonable compensation under the circumstances (*see* CPLR 5501 [c]; *and see Bernstein v Red Apple Supermarkets,* 227 AD2d 264 [1996], *lv dismissed* 89 NY2d 961 [1997]; *Guillory v Nautilus Real Estate,* 208 AD2d 336 [1995], *appeal dismissed and lv denied* 86 NY2d 881 [1995]).

We have reviewed defendant's remaining arguments and find them unavailing. Concur—Buckley, P.J., Mazzarelli, Saxe, Ellerin and Gonzalez, JJ.