■ SLEMISH CORP., S.A., Appellant, v ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. TUPI CAMBIOS, S.A., Appellant, v ROBERT M. MORGENTHAU, as District Attorney of New York County, Respondent. [879 NYS2d 449]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered August 7, 2008, which denied plaintiffs' motions for summary judgment on their respective claims for money had and received, unanimously affirmed, without costs.

Plaintiffs are each engaged in the business of providing international transmission of funds and other banking services, and maintained accounts at J.P. Morgan Chase Bank (Chase) for

that purpose managed by their agent, nonparty Beacon Hill Services Corporation. An investigation by the New York County District Attorney (the DA) into money laundering and international transmission of funds eventually focused on Beacon Hill, which, despite not being licensed to engage in the business of transmission of funds in New York, engaged in transfers here totaling billions of dollars. Beacon Hill subsequently pleaded guilty to violations of Banking Law §§ 641 and 650 (2) (b) (1) and entered into a stipulation providing, among other things, for forfeiture, pursuant to CPLR article 13A, of most of the funds in its own and its clients' Chase accounts, including plaintiffs'. Plaintiffs were not criminally charged and were not notified of the charges against Beacon Hill, the order of attachment of the accounts or the stipulation of forfeiture. After the funds were seized by the DA, plaintiffs, claiming ownership of their accounts and procedural defects in the forfeiture proceeding, commenced the identical actions at bar alleging claims for, among other things, remission of funds seized (CPLR 1311 [7]) and money had and received.

On the present record, we find that summary judgment was appropriately denied. Plaintiffs initially demonstrated their prima facie entitlement to summary judgment on the theory of money had and received. Their evidence established, among other things, their ownership of the seized funds, and that under principles of equity and good conscience, defendant should not be allowed to retain the funds (*Parsa v State of New York*, 64 NY2d 143, 148 [1984]; *Insurance Co. of State of Pa. v HSBC Bank USA*, 37 AD3d 251, 255 [2007], *revd on other grounds* 10 NY3d 32 [2008]). In response, defendants point to record evidence raising material questions of fact as to plaintiffs' ownership of the funds. This evidence suggests that the funds are owned and controlled by plaintiffs' undisclosed clients and that plaintiffs are mere intermediaries who act in accordance with their directions. Also, the agreement governing Beacon Hill's management of plaintiffs' accounts raises questions whether Beacon Hill, or plaintiffs, had superior rights with respect to the funds. Finally, the construction of key provisions of the stipulation of forfeiture, which necessarily relates to the issue of the ownership of the funds, is unclear. The record also raises questions as to the equity of remitting the funds to plaintiffs. Although plaintiffs disclaim any culpability on their part, questions exist regarding whether they knew or should have known that either their own activities or the use of their funds violated New York law. In any event, at this prediscovery juncture in a case where plaintiffs appear to have exclusive possession of many of the relevant facts, summary judgment is not appropri-

ate (see CPLR 3212 [f]). Concur—Tom, J.P., Saxe, Sweeny, Acosta and Abdus-Salaam, JJ.