■ NANCY ANGULO et al., Respondents, v CONCOURSE ONE COMPANY, LLC, Appellant, et al., Defendant. CONCOURSE ONE

COMPANY, LLC, Third-Party Plaintiff, v JITANU SERVICES, INC., Third-Party Defendant. CONCOURSE ONE COMPANY, LLC, Second Third-Party Plaintiff-Appellant, v BRONX-LEBANON HOSPITAL CENTER, Second Third-Party Defendant-Respondent. [922 NYS2d 383]—

Order, Supreme Court, Bronx County (Lucindo Suarez, J.), entered August 25, 2010, which denied defendant Concourse One Company, LLC's motion for summary judgment dismissing the complaint as against it and for summary judgment on its claim for contractual indemnification against third-party defendant Bronx-Lebanon Hospital Center, unanimously affirmed, without costs.

Plaintiff was injured when she fell on the lobby floor as she exited defendant Concourse One's (defendant) building. It was a rainy day, and the floor was wet, and plaintiff slipped when she stepped off the mat that had been laid on the floor to go around two or three pieces of furniture that occupied a portion of the mat. There is evidence in the record that defendant knew that furniture was being moved through the lobby that day. Thus, an issue of fact exists whether defendant failed to remedy a dangerous condition in the lobby and thereby to discharge its "duty of providing the public with a reasonably safe premises, including a safe means of ingress and egress" (*Peralta v Henriquez*, 100 NY2d 139, 143 [2003]).

Issues of fact exist whether defendant was negligent and whether the indemnification provision in the lease agreement between defendant and Bronx Lebanon Hospital Center "evinces an unmistakable intent to indemnify" defendant for its own negligence (*see Great N. Ins. Co. v Interior Constr. Corp.*, 7 NY3d 412, 417 [2006] [internal quotation marks omitted]). Concur—Mazzarelli, J.P., Sweeny, DeGrasse, Richter and Manzanet-Daniels, JJ.