■ IRB-BRASIL RESSEGUROS S.A., Respondent-Appellant, v PORTOBELLO INTERNATIONAL LIMITED et al., Appellants-Respondents. [923 NYS2d 508]—

Order, Supreme Court, New York County (Bernard J. Fried, J.), entered June 1, 2010, which granted the motion of plaintiff IRB-Brasil Resseguros S.A. (IRB) for summary judgment, awarded post-judgment interest at the statutory, rather than contractual, rate and denied defendants' motion for leave to amend their answers, unanimously affirmed, with costs.

IRB met its prima facie burden of establishing entitlement to summary judgment with evidence that defendant Portobello International Limited issued the global note, defendant guarantors guaranteed it, IRB purchased it and Portobello defaulted (see IRB-Brazil Resseguros, S.A. v Inepar Investments, S.A., 83 AD3d 573 [2011]; IRB-Brasil Resseguros S.A. v Eldorado Trading Corp. Ltd., 68 AD3d 576, 577 [2009]; Eastbank v Phoenix Garden Rest., 216 AD2d 152 [1995], lv denied 86 NY2d 711 [1995]).

In opposition, defendants fail to raise issues of fact regarding the ownership or location of the global note. The record shows that defendants accepted the initial loan from IRB, paid interest on the global note for a number of years and, at the time of their default, negotiated new terms with IRB, implicitly admitting that IRB was the owner of the note. Moreover, defendants sued IRB—in its capacity as owner of the global note—in a separate action. Defendants cannot now be heard to object to the ownership which they embraced when it suited them (see RPI Professional Alternatives, Inc. v Citigroup Global Mkts. Inc., 61 AD3d 618, 619 [2009]).

Equally unavailing are defendants' arguments concerning plaintiff's inability to produce the physical note where, as here, defendants have waived presentment numerous times. These waivers excuse any requirement that the instrument sued upon be presented in connection with subsequent litigation against Portobello as issuers, or against the guarantors (see Banco Nacional de Mexico v Ecoban Fin., 276 AD2d 284 [2000]).

Defendants have failed to show they discharged their debt. Defendants' primary argument is that the JP Morgan document establishes payment. This document, however, which defendants never authenticated through anyone at JP Morgan, and which is offered for the truth of the matter asserted, is impermissible hearsay and does not fall within an exception to

the hearsay rule (*see e.g. Zuluaga v P.P.C. Constr., LLC*, 45 AD3d 479, 480 [2007] [document not "so patently trustworthy as to be self-authenticating"]). Accordingly, it is insufficient to defeat the summary judgment motion (*see Rivera v GT Acquisition 1 Corp.*, 72 AD3d 525, 526 [2010]; *Van Dina v City of New York*, 292 AD2d 267, 268 [2002]).

Defendants seek to avoid summary judgment by claiming a need for further discovery. Defendants did not demonstrate, however, that there was a likelihood that there is relevant evidence in IRB's exclusive knowledge, that further discovery might reveal the existence of such evidence, or that they made a reasonable attempt, prior to the motion, to pursue other means of discovering the information now claimed to be necessary (*see 2386 Creston Ave. Realty, LLC v M-P-M Mgt. Corp.*, 58 AD3d 158, 162-163 [2008], *lv denied* 11 NY3d 716 [2009]; *Voluto Ventures, LLC v Jenkens & Gilchrist Parker Chapin LLP*, 44 AD3d 557 [2007]).

The court properly denied defendants' motion for leave to amend their answers because the proposed counterclaims sounding in fraud plainly lacked merit (*see R&R Capital LLC v Merritt*, 78 AD3d 533 [2010]).

The court properly applied the statutory interest rate to plaintiff's award of post-judgment interest because, although the terms of the global note clearly contemplate payment of interest through satisfaction of the principal, it does not "clearly and unequivocally" specify a post-judgment rate. Accordingly, the motion court correctly "merged" the contract into the judgment and applied the statutory interest rate (*Marine Mgt. v Seco Mgt.*, 176 AD2d 252, 253 [1991], *affd* 80 NY2d 886 [1992]).

We have considered the parties' remaining arguments and find them unavailing. Concur—Tom, J.P., Saxe, Moskowitz, Acosta and Abdus-Salaam, JJ. **[Prior Case History: 27 Misc 3d 1230(A), 2010 NY Slip Op 50973(U).]**