■ CARA MUHLHAHN, Respondent, v ANDREW GOLDMAN et al., Appellants. [939 NYS2d 420]—

Order, Supreme Court, New York County (Joan M. Kenney, J.), entered August 24, 2011, which, in this defamation action, to the extent appealed from denied defendants' motion to dismiss the complaint pursuant to CPLR 3211 (a) (1) and (7) to the extent of sustaining plaintiff's claims based on 9 of 13 challenged statements, unanimously reversed, on the law, without costs, and the motion to dismiss plaintiff's claims based on challenged statements 4, 5, 6, 7, 8, 9, 10, 11 and 12, granted. The Clerk is directed to enter judgment dismissing the complaint.

Defendant Goldman's affidavit and the attached recordings of his interviews with plaintiff should have been considered on the motion. An affidavit is an appropriate vehicle for authenticating and submitting relevant documentary evidence (*see Suss v New York Media, Inc.*, 69 AD3d 411, 412 [2010]), and may provide

"connecting link[s]" between the documentary evidence and the challenged statements (*Standard Chartered Bank v D. Chabbott, Inc.*, 178 AD2d 112, 112 [1991]). Here, Goldman's affidavit was sufficient to authenticate the recordings of his interviews with plaintiff, since he stated in his affidavit that he was a participant in the recorded conversations and that the recordings were complete and accurate and had not been altered (*see People v Ely*, 68 NY2d 520, 527 [1986]; *Lipton v New York City Tr. Auth.*, 11 AD3d 201 [2004], *lv denied* 5 NY3d 707 [2005]). Contrary to the motion court's finding, Goldman never stated that the recordings were "excerpts" or "highlights" of plaintiff's statements. Instead, he stated that the attached recordings were only some of the many recorded interviews of plaintiff that he had conducted. Moreover, in his reply affidavit, Goldman clarified that his opening affidavit was only meant to authenticate the evidence and aid the court by highlighting relevant statements.

Based on the documentary evidence and Goldman's affidavit, challenged statements 4, 5, 7, 8, 10 and 12 are true or substantially true, and thus are not actionable (*see e.g. Gondal v New York City Dept. of Educ.*, 19 AD3d 141, 142 [2005]; *Chinese Consol. Benevolent Assn. v Tsang*, 254 AD2d 222, 222-223 [1998]). In addition, statements 4 through 10 either contain nonactionable opinion or are not reasonably susceptible of a defamatory connotation (*see Ava v NYP Holdings, Inc.*, 64 AD3d 407, 412-413 [2009], *lv denied* 14 NY3d 702 [2010]; *Guerrero v Carva*, 10 AD3d 105, 111 [2004]). In any event, a claim based on challenged statements 6, 7 and 8 is barred by the single instance rule (*see Bowes v Magna Concepts*, 166 AD2d 347 [1990]).

We also dismiss plaintiff's claim based on challenged statement 11, which states, in pertinent part, that plaintiff "has made herself an outlaw of sorts by not carrying malpractice insurance." Plaintiff admitted on the Brian Lehrer Show that she did not carry malpractice insurance, and the recording of that radio interview was adequately authenticated. Concur—Tom, J.P., Friedman, Sweeny, Moskowitz and DeGrasse, JJ. **[Prior Case History: 32 Misc 3d 1242(A), 2011 NY Slip Op 51683(U).]**