■ PAUL SOLOMONS, Respondent, v DOUGLAS ELLIMAN LLC, Doing Business as PRUDENTIAL DOUGLAS ELLIMAN, et al., Defendants, and OLD BROWNSVILLE RENAISSANCE CORP., Appellant. [941 NYS2d 595]—

Order, Supreme Court, New York County (Judith J. Gische, J.), entered December 13, 2010, which denied the motion by defendant Old Brownsville Renaissance Corp. (OBRC) to dismiss plaintiff's complaint as against it, unanimously affirmed, without costs.

Plaintiff, who is disabled and receives Section 8 housing assistance, alleged in the first amended complaint that OBRC and other property owners and real estate brokers violated the New

York City Human Rights Law by refusing to rent apartments to him (*see* Administrative Code of the City of New York § 8-107 [5]). The first amended complaint further alleged that the apartment plaintiff allegedly tried to rent from OBRC was in a building containing six or more housing units, and accordingly the exemption for buildings with five or fewer apartments did not apply (*see* Administrative Code § 8-107 [5] [a] [1]; [o]).

OBRC moved for dismissal on the ground that the subject building only contained four apartments. In support, OBRC submitted the affidavit of its president, Tessie Travin, and a copy of the October 1990 certificate of occupancy for the building.

However, in his opposition papers, plaintiff raised a new theory of liability—namely, that the number of units in the subject building was not dispositive because another provision of the Human Rights Law provides that it applies to "any person who has the right to sell, rent or lease or approve the sale, rental or lease" of at least one housing accommodation in New York City with six or more units (Administrative Code § 8-107 [5] [o] [ii]). Plaintiff alleged that Travin owned another apartment building in New York City with six units and a third building with 12 units. The motion court agreed with plaintiff and denied OBRC's dismissal motion on the ground that "the [number] of apartments [in the subject building] is really irrelevant" because the statute "still applies to an owner [that] has at least one housing accommodation with 6 or more units."

OBRC contends that it was improper for plaintiff to raise a new theory of liability in his opposition papers. It also points out that plaintiff did not name Travin as a defendant in this case, that plaintiff submitted evidence in the opposition papers indicating that other corporations, instead of Travin, own the two buildings with six or more units, and that plaintiff did not link OBRC or Travin with the other corporate owners.

OBRC's dismissal motion was properly denied because, at this stage, neither Travin's affidavit nor the certificate of occupancy is sufficient to rebut plaintiff's claim that the subject building contains at least six units. A motion to dismiss under CPLR 3211, when based on documentary evidence, is granted only if that evidence "utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]). The affidavit of Travin, "which do[es] no more than assert the inaccuracy of plaintiff['s] allegations, may not be considered, in the context of a motion to dismiss, for the purpose of determining whether there is evidentiary support for the complaint" (*Tsimer-*

*man v Janoff*, 40 AD3d 242 [2007]). In addition, the 22-year-old certificate of occupancy does not conclusively prove how many apartments were in the building when plaintiff tried to rent in it.

We also note that an addition to the record indicates that, after this appeal was filed, the *motion court granted plaintiff leave to amend the complaint to add Travin as a defendant and assert direct claims against her*; thus, this appeal may be premature.

We have examined OBRC's additional claims and find them without merit. Concur—Andrias, J.P., Saxe, Acosta, Freedman and Richter, JJ.