*280 OPINION OF THE COURT
Lucy Billings, J.
Plaintiff mother, Marion Hedges, her son Dayton Hedges who accompanied her, and her husband Michael Hedges, suing derivatively and as her guardian ad litem, seek damages for her life changing injuries when two minor customers of the East River Plaza shopping center in New York County threw a shopping cart from the fourth level of the center onto her at the ground level. Plaintiffs sue the shopping center’s owners, management, and tenant stores that plaintiffs claim were responsible for security in the area of the injury, for controlling the rowdy customers who became the assailants, and for controlling the stray shopping carts from which those customers selected their instrumentality.
I. The Motion to Dismiss Claims against Bob’s Discount Furniture
Defendant Bob’s Discount Furniture of NY, LLC, one of several large retail stores in the shopping center, moves to dismiss the complaint and cross-claims against this defendant based on documentary evidence (CPLR 3211 [a] [1]), and failure to state a claim. (CPLR 3211 [a] [7].) Bob’s Discount Furniture rented part of the center’s fourth level, from which an elevated pedestrian bridge crossed to the parking garage attached to the center. Bob’s Discount Furniture claims that, under its lease with the East River Plaza owner, codefendant Tiago Holding, LLC, this elevated walkway, from which two boys threw the shopping cart, was a common area of the complex for which the tenant bore no maintenance or security responsibilities, including a duty to remove any stray shopping carts.
Insofar as Bob’s Discount Furniture relies on its lease, however, no witness attests to the signatures on the lease or to circumstantial authentication. (IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd., 84 AD3d 637 [1st Dept 2011]; Babikian v Nikki Midtown, LLC, 60 AD3d 470, 471 [1st Dept 2009]; Bank of N.Y. v Dell-Webster, 23 Misc 3d 1107[A], 2008 NY Slip Op 52678[U] [Sup Ct, Bronx County 2008]; see Singer Asset Fin. Co., LLC v Melvin, 33 AD3d 355, 357-358 [1st Dept 2006]; Acevedo v Audubon Mgt., 280 AD2d 91, 95 [1st Dept 2001]; Fields v S & W Realty Assoc., 301 AD2d 625 [2d Dept 2003].) Therefore the lease is not admissible documentary evidence that the court may consider to support a motion to dismiss claims pursuant to CPLR 3211 (a) (1). (Greenapple v Capital One, N.A., 92 AD3d *281 548, 550 [1st Dept 2012]; Advanced Global Tech., LLC v Sirius Satellite Radio, Inc., 44 AD3d 317, 318 [1st Dept 2007]; 1911 Richmond Ave. Assoc., LLC v G.L.G. Capital, LLC, 60 AD3d 1021, 1022 [2d Dept 2009]; see Muhlhahn v Goldman, 93 AD3d 418, 419 [1st Dept 2012].)
To establish this tenant’s nonliability, Bob’s Discount Furniture relies not just on its lease, but also on nondocumentary evidence outside the complaint’s allegations, that this store did not own, possess, control, or use any shopping carts or allow them into the store, and the cart thrown onto Marion Hedges belonged to codefendant Target Corporation. Target was another large retail store in the shopping center.
Part of this evidence is a Bob’s Discount Furniture store security camera recording of the boys who dropped the shopping cart leaving this store without a shopping cart. According to Bob’s Discount Furniture employee Joseph Klein, the video recording then shows the boys pushing a cart from the common area at a distance from the front of the store. Even if Klein authenticates the video recording, this evidence, along with the remainder of his affidavit and the affidavit of the store manager concerning the absence of responsibility for shopping carts or maintenance, may not be considered to support a motion to dismiss claims pursuant to CPLR 3211 (a) (1) and (7). (Lawrence v Graubard Miller, 11 NY3d 588, 595 [2008]; Solomons v Douglas Elliman LLC, 94 AD3d 468, 469 [1st Dept 2012]; Tsimerman v Janoff, 40 AD3d 242 [1st Dept 2007]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; 511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152 [2002]; Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Correa v Orient-Express Hotels, Inc., 84 AD3d 651 [1st Dept 2011].)
II. The Claims against Bob’s Discount Furniture A. Factual Allegations
The complaint’s allegations against Bob’s Discount Furniture are exceedingly broad and vague to the effect that the store negligently failed to keep its premises safe and failed to provide adequate security for its customers. The only specific allegation applicable to this defendant, among other defendants, is that it failed to respond adequately to prior complaints or reports of persons throwing objects off the elevated walkway outside its store.
Plaintiffs in opposing a motion to dismiss the complaint, unlike defendants supporting the motion, may supplement their *282 pleading with admissible evidence. (Nonnon v City of New York, 9 NY3d 825, 827 [2007]; Cron v Hargro Fabrics, 91 NY2d 362, 366 and n [1998]; Ray v Ray, 108 AD3d 449, 452 [1st Dept 2013]; Thomas v Thomas, 70 AD3d 588, 591 [1st Dept 2010].) While plaintiffs only belatedly supplemented their complaint with three affidavits, from a current and a former employee of Bob’s Discount Furniture and from a superintendent of a neighboring building, defendants were provided an opportunity to reply further, did so, and did not request more time.
Bob’s Discount Furniture objects particularly to its current employee’s affidavit on the ground that plaintiffs’ attorney obtained it in violation of rule 4.2 of the Rules of Professional Conduct. (22 NYCRR 1200.0.) The employee, however, is neither a defendant, nor a defendant’s principal with a stake in the corporate entity, nor a defendant’s managerial employee with the authority to bind a defendant or the responsibility to carry out the advice of a defendant’s attorney. As the employee makes clear in his affidavit, he was and is part of the Bob’s Discount Furniture “sales staff” and not part of the “management team.” (Aff of Nelson Ramirez, Jr., Oct. 7, 2012.) Therefore no rule restricted plaintiffs’ attorney in obtaining sworn statements from this employee. (Muriel Siebert & Co., Inc. v Intuit Inc., 8 NY3d 506, 511 [2007]; Niesig v Team I, 76 NY2d 363, 374 [1990]; see Arons v Jutkowitz, 9 NY3d 393, 407 [2007]; Flores v Willard J. Price Assoc., LLC, 20 AD3d 343, 344 [1st Dept 2005].)
Plaintiffs’ affidavits opposing the motion by Bob’s Discount Furniture attest that, for approximately two years leading up to plaintiffs’ injury, the store had been attracting unsupervised minors inside with free beverages, candy, and cookies, where the minors often became disruptive. After the store expelled the minors from inside the store, its employees had observed these minors throwing candy and other objects off the fourth level walkway. Security personnel for the shopping center had complained about this misbehavior to store employees, who had reported these complaints to the store management.
The store’s video recording as authenticated by its witness, on which plaintiffs may rely, corroborates that, on the day of plaintiffs’ injury, the store and the boys involved acted consistently with this pattern. The store was offering free beverages and food and attracted the boys inside. They became disruptive, so the store expelled them into the mall, but never notified security personnel or anyone else that the boys posed a risk.
*283 Thus, according to the complaint, Bob’s Discount Furniture was aware of a situation that frequently posed a risk to the shopping center’s other tenants and customers, whether customers of Bob’s Discount Furniture or of other tenants, and other persons in the center. At minimum, the complaint raises a question whether it was reasonably foreseeable to Bob’s Discount Furniture that expelling the troublesome boys from the store to cause disruption outside the store, without any further action to address their misbehavior, would result in injury to persons or property outside.
B. Legal Duty
A business proprietor in possession and control of premises owes a duty to control persons on the business’s premises when the business is aware of the need for such control and is in a position to take precautionary measures to protect members of the public from the misconduct of those uncontrolled misbehaving persons. (E.g. Nunez v Recreation Rooms & Settlement, 229 AD2d 359, 360 [1st Dept 1996]; Banayan v F.W. Woolworth Co., 211 AD2d 591, 592 [1st Dept 1995]; Rivera v 21st Century Rest., 199 AD2d 14, 15 [1st Dept 1993]; Murphy v Turian House, 232 AD2d 535 [2d Dept 1996]; see Martino v Stolzman, 18 NY3d 905, 908 [2012]; Di Ponzio v Riordan, 89 NY2d 578, 582-583 [1997]; D’Amico v Christie, 71 NY2d 76, 85 [1987]; Garrett v Twin Parks Northeast Site 2 Houses, 256 AD2d 224, 225-226 [1st Dept 1998].) A duty of supervision adequate to guard against reasonably foreseeable injury is particularly warranted when, as alleged here, the business invited unescorted minors into its premises. (Aquino v Higgins, 15 NY3d 903, 905 [2010]; Mirand v City of New York, 84 NY2d 44, 49 [1994]; Nicholson v Board of Educ. of City of N.Y., 36 NY2d 798, 802-803 [1975]; Phelps v Boy Scouts of Am., 305 AD2d 335, 336 [1st Dept 2003].) Under these circumstances, Bob’s Discount Furniture may be liable for reasonably foreseeable injuries proximately related to its inadequate supervision of its minor invitees. (Aquino v Higgins, 15 NY3d at 905; Mirand v City of New York, 84 NY2d at 50-51; Nicholson v Board of Educ. of City of N.Y., 36 NY2d at 803; Phelps v Boy Scouts of Am., 305 AD2d at 335-336; see Singh v Persaud, 269 AD2d 381, 382 [2d Dept 2000].)
Consequently, even were the court to consider Bob’s Discount Furniture’s evidence regarding its lack of responsibility for shopping carts or for maintenance of the shopping center’s common areas, plaintiffs’ claims against this defendant are premised *284 on negligent supervision of the store’s invitees, not negligent maintenance of carts or of premises beyond its leasehold. Therefore the court denies Bob’s Discount Furniture’s motion to dismiss the complaint against this defendant for its negligence. (CPLR 3211 [a] [1], [7].)
Bob’s Discount Furniture presents no evidence, documentary or otherwise, or even any other defendant’s answer, to establish any cross claim’s lack of merit. Only in reply does Bob’s Discount Furniture’s attorney insist that, even if plaintiffs raise factual questions regarding the store’s negligence that would support implied indemnification and contribution cross claims, defendant Planned Security Service Inc.’s contractual indemnification cross claim must fail because there was no contract between these two defendants. Were the court to consider this basis for Bob’s Discount Furniture’s motion impermissibly presented for the first time in reply (Sylla v Brickyard Inc., 104 AD3d 605, 606 [1st Dept 2013]; Calcano v Rodriguez, 103 AD3d 490, 491 [1st Dept 2013]; Martinez v Nguyen, 102 AD3d 555, 556 [1st Dept 2013]; JPMorgan Chase Bank, N.A. v Luxor Capital, LLC, 101 AD3d 575, 576 [1st Dept 2012]), its attorney’s declaration remains unsupported by any evidence or by Planned Security Service’s answer, to ascertain whether it fails to plead the elements of contractual indemnification. Therefore the court also denies the motion by Bob’s Discount Furniture to dismiss any cross claims against it. (CPLR 3211 [a] [1], [7].)
III. The Cross Motion for Summary Judgment Dismissing Claims against Costco Wholesale
Defendant Costco Wholesale Corporation, another large retail store in the shopping center, cross-moves for summary judgment dismissing the complaint and cross claims against this defendant based on failure to state a claim. (CPLR 3211 [a] [7]; 3212 [b].) Costco Wholesale rented part of center’s ground level for the store’s retail space across from a parking garage pay-box kiosk where the shopping cart hit Marion Hedges.
Like codefendant Bob’s Discount Furniture, Costco Wholesale claims that, under its lease with Tiago Holding, the elevated walkways connecting the shopping center and parking garage were common areas that remained in the owner’s possession and control and for which the owner provided security personnel. Again, however, no witness authenticates the lease, so Costco Wholesale may not rely on its lease either, as admissible evidence supporting its motion for summary judgment. (E.g. *285 IRB-Brasil Resseguros S.A. v Portobello Intl. Ltd., 84 AD3d 637 [2011]; Babikian v Nikki Midtown, LLC, 60 AD3d at 471; see Muhlhahn v Goldman, 93 AD3d at 419; Greenapple v Capital One, N.A., 92 AD3d at 550; Singer Asset Fin. Co., LLC v Melvin, 33 AD3d at 357-358; Acevedo v Audubon Mgt., 280 AD2d at 95.)
IV The Claims against Costco Wholesale
Nonetheless, Costco Wholesale points to the absence of allegations in the complaint that this defendant owned, possessed, maintained, or controlled any shopping carts or the area where plaintiffs were injured: either the pedestrian walkway from which the shopping cart was thrown or the walkway in which plaintiffs were standing when the shopping cart hit Marion Hedges. The complaint does allege that Costco Wholesale was negligent in failing to provide security for customers and to collect shopping carts from areas where they were abandoned. Without any connection to the area where plaintiffs allege security was required or to the instrumentality that caused the injury, however, plaintiffs fail to lay any premise for a duty of care toward the area or instrumentality. (Haymon v Pettit, 9 NY3d 324, 328-329 [2007]; Darby v Compagnie Natl. Air France, 96 NY2d 343, 347-348 [2001]; Kobre v United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc., 32 AD3d 218, 223 [1st Dept 2006]; Hoberman v Kids “R” Us, 187 AD2d 187, 190-191 [1st Dept 1993]; see Espinal v Melville Snow Contrs., 98 NY2d 136, 138, 141-142 [2002]; Kaplan v New York Mercantile Exch., 55 AD3d 406 [1st Dept 2008]; Gibbs v Port Auth. of N.Y., 17 AD3d 252, 254 [1st Dept 2005].)
Again, however, plaintiffs claim Costco Wholesale, as a business proprietor in possession and control of premises, owed a duty to take precautionary measures to protect the store’s customers or other members of the public from a danger that store personnel were aware of and in a position to prevent. (E.g. Nunez v Recreation Rooms & Settlement, 229 AD2d at 360; Banayan v F.W. Woolworth Co., 211 AD2d at 592; Rivera v 21st Century Rest., 199 AD2d at 15; Murphy v Turian House, 232 AD2d 535 [1996].) The only admissible evidence plaintiffs rely on are the affidavits of two persons who came to plaintiffs’ aid immediately after the injury.
Susan Mahoney attests to a Costco Wholesale employee’s hearsay account “that earlier some boys were on the Target pedestrian bridge throwing slurpees down on Costco customers,” and the employee “had called Target security 30 minutes before *286 to report the boys.” (Aff in opp of Carmine A. Rubino, exhibit F, ¶ 3.) This account, even were it admissible, shows only that the Costco Wholesale employee took precautionary measures by notifying security personnel that the boys throwing objects off the pedestrian bridge posed a risk.
Susan Mahoney’s husband Gaurav Patel in his affidavit adds the Costco employee’s further account that “eventually she sent one of her security guards up there to investigate.” (Id., exhibit G, ¶ 6.) This further account, were it admissible, again shows Costco Wholesale employees’ responsive action. Without a showing of what the investigating security guard found and how the guard then responded, this evidence, too, falls short of indicating any negligence by Costco Wholesale personnel. This evidence does suggest, however, that further evidence of this defendant’s action or inaction to address the risk that caused plaintiffs’ injury may be available through the Costco Wholesale security guard, if plaintiffs are given the opportunity to depose this witness. (See Maldonado v Townsend Ave. Enters., Ltd. Partnership, 294 AD2d 207, 208 [1st Dept 2002]; Stankowski v Kim, 286 AD2d 282, 283 [1st Dept 2001]; Levbarg v City of New York, 282 AD2d 239, 241 [1st Dept 2001].)
The complaint and admissible evidence still provide little support for Costco Wholesale’s duty toward the area of the danger, to control the assailants, or to protect the victims. No allegations in the complaint or admissible evidence outside the complaint indicate that the assailants were leaving or entering Costco Wholesale’s business premises or had been its customers at all. Dayton Hedges’ affidavit, however, does establish that Dayton Hedges and his mother had been shopping at Costco Wholesale, were leaving its premises and heading to the parking garage when the shopping cart hit his mother, and were provided no visual or auditory warning of any potential danger upon leaving the store.
The inconclusive evidence at this stage leaves open the question of whether plaintiffs were injured in an area necessary for egress from or ingress to Costco Wholesale and where store employees and management were aware of imminent danger from overhead. The business proprietor’s duty to provide a safe environment for members of the public whom the business invites into its store extends to customers’ means of egress and ingress. (Peralta v Henriquez, 100 NY2d 139, 143 [2003]; Edwards v BP/CG Ctr. I, Inc., 102 AD3d 413 [1st Dept 2013]; Reyes v Dunning, 216 AD2d 449, 450 [2d Dept 1995]; see Bingham v *287 New York City Tr. Auth., 8 NY3d 176, 180-181 [2007]; Angulo v Concourse One Co., LLC, 84 AD3d 504 [1st Dept 2011]; Masillo v On Stage, Ltd., 83 AD3d 74, 79 [1st Dept 2011].) Thus, if plaintiffs were injured in an area necessary for egress or ingress where it was reasonably foreseeable that customers exiting or entering would be exposed to danger, such facts would raise the further question regarding the extent of Costco Wholesale’s duty to those customers, including plaintiffs, even if that duty is only to warn them. (See Bingham v New York City Tr. Auth., 8 NY3d at 181; Peralta v Henriquez, 100 NY2d at 144-145.)
Disclosure undoubtedly will pinpoint where plaintiffs’ injuries occurred in relation to Costco Wholesale, as well as where and when the assailants launched their instrumentality in relation to their exit from Bob’s Discount Furniture. Through disclosure from these defendants plaintiffs reasonably may expect to obtain information also about complaints by customers or employees to management personnel that customers, when entering or exiting the store premises, were being assaulted by objects thrown from overhead or even about store managers observing such conduct themselves. Insofar as plaintiffs may have failed to rebut Costco Wholesale’s defenses at this stage, such disclosure carries the potential to defeat summary judgment more soundly and is warranted before granting Costco Wholesale summary judgment. (CPLR 3212 [f); Mason v U.E.S.S. Leasing Corp., 96 NY2d 875, 878 [2001]; Cooke v City of New York, 95 AD3d 537, 538 [1st Dept 2012]; Arbor Leasing, LLC v BTMU Capital Corp., 68 AD3d 580 [1st Dept 2009]; Slemish Corp., S.A. v Morgenthau, 63 AD3d 418, 419 [1st Dept 2009]; see Maldonado v Townsend Ave. Enters., Ltd. Partnership, 294 AD2d at 208; Stankowski v Kim, 286 AD2d at 283; Levbarg v City of New York, 282 AD2d at 241.)
V Conclusion
Consequently, the court denies defendant Costco Wholesale Corporation’s cross motion for summary judgment on the ground that evidence beyond plaintiffs’ possession and control, but within defendants’ possession or control, may defeat the motion. (CPLR 3212 [f].) For the reasons explained above, the court also denies both the motion by Bob’s Discount Furniture of NY, LLC, to dismiss the complaint and cross claims against this defendant and Costco Wholesale’s cross motion. (CPLR 3211 [a] [1], [7]; 3212 [b].) In sum, were the court to consider the evidence presented by both these defendants regarding their *288 lack of responsibility for the shopping cart wielded against Marion Hedges or for maintenance or security in the shopping center’s common areas, plaintiffs’ claims against these defendants are not premised on negligent maintenance of the premises or carts. Plaintiffs allege that Bob’s Discount Furniture negligently supervised its invitees and that both defendants negligently failed to warn or take other precautions to protect shopping center customers from a danger that the stores were aware of and in a position to prevent.