■ JOHN R. GOCHBERG et al., Appellants, v SOVEREIGN APARTMENTS, INC., et al., Respondents. [988 NYS2d 489]—

Order, Supreme Court, New York County (Anil C. Singh, J.), entered April 10, 2013, which granted defendants Alan Kersh

and Paul Bloom's (defendants) motion to dismiss the fifth cause of action pursuant to CPLR 3211 (a) (7), unanimously reversed, on the law, without costs, and the motion denied.

Since the fifth cause of action (breach of fiduciary duty) is a tort—not a contract—claim, plaintiffs are not required to allege that defendants' actions were taken in their individual capacity instead of as directors of defendant Sovereign Apartments, Inc. (SAI) (*see Fletcher v Dakota, Inc.*, 99 AD3d 43, 49 [1st Dept 2012]). Contrary to defendants' contention, plaintiffs' breach of fiduciary duty claim is not a breach of contract claim in disguise. Unlike *Brasseur v Speranza* (21 AD3d 297 [1st Dept 2005]), on which defendants rely, the complaint in the instant action alleges that individual board members "breached a duty other than, and independent of, those contractually imposed upon the board" (*id.* at 298). In particular, it alleges that defendants interfered with plaintiff John Gochberg's contract with nonparty EMSL Analytical Inc. by surreptitiously inducing EMSL to send to the board, rather than Mr. Gochberg, the results of the testing for which Mr. Gochberg had contracted. Such interference, if proven, would constitute a tortious act of affirmative malfeasance for which a board member, if proven personally to have committed it or to have caused its commission, would be subject to personal liability. Further, whether the business judgment rule protects defendants' actions cannot be determined as a matter of law on the pleadings since defendants' alleged action in going behind Mr. Gochberg's back to have EMSL's analysis delivered to SAI instead of Mr. Gochberg smacks of bad faith (*Ackerman v 305 E. 40th Owners Corp.*, 189 AD2d 665, 667 [1st Dept 1993]). Concur—Friedman, J.P., Sweeny, Andrias, Saxe and Kapnick, JJ.