■ ERIK MATZ et al., Respondents, v JESSIE NETTLES, Defendant, and CARLSON et al., Appellants. [28 NYS3d 373]—

Order, Supreme Court, New York County (Paul Wooten, J.), entered August 14, 2014, which, insofar as appealed from, denied the motion of defendants Carlson, L.I.R. Management Corp., the Riese Organization Corporate Group and T.G.I. Friday's Inc. for summary judgment dismissing plaintiffs' claims for negligence and negligent infliction of emotional distress as against them, unanimously affirmed, without costs.

The court properly denied that part of defendants' motion seeking dismissal of plaintiffs' causes of action for negligence in failing to take minimal security precautions to protect those on their premises from the foreseeable criminal acts of third parties (see *Jacqueline S. v City of New York*, 81 NY2d 288 [1993]; *Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 304 [1st Dept 2001]). Defendants' submissions failed to eliminate triable issues of fact as to whether defendant Nettles's aggressive acts against patrons on the premises of defendants' bar/restaurant throughout the evening made it reasonably foreseeable that Nettles's continued presence on the premises could lead to the physical injury of a patron (see *Rivera v 21st Century Rest.*, 199 AD2d 14, 15 [1st Dept 1993]).

The motion court properly declined to dismiss plaintiffs' claim for negligent infliction of emotional distress. Although seeking dismissal of the complaint in its entirety, defendants never addressed the claim before the motion court and only raise their arguments for the first time on appeal (see e.g. *Chisholm v Madison Sq. Garden Ctr.*, 289 AD2d 168 [1st Dept 2001]). Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.