Bowery 263 Condominium Inc. v D.N.P. 336 Covenant Ave. LLC (2019 NY Slip Op 01302)





Bowery 263 Condominium Inc. v D.N.P. 336 Covenant Ave. LLC


2019 NY Slip Op 01302


Decided on February 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 21, 2019

Renwick, J.P., Manzanet-Daniels, Oing, Moulton, JJ.


8396 153614/15

[*1]Bowery 263 Condominium Inc., Plaintiff-Appellant,
v
D.N.P. 336 Covenant Avenue LLC, et al., Defendants, Nexus Building Development Group Inc., et al., Defendants-Respondents.


Kishner Miller Himes P.C., New York (Ryan O. Miller of counsel), for appellant.
Belkin Burden Wenig & Goldman, LLP, New York (Magda L. Cruz of counsel), for respondents.



Order, Supreme Court, New York County (David B. Cohen, J.), entered June 27, 2017, which, to the extent appealed from as limited by the briefs, granted defendants Nexus Building Development Group Inc. and Yaniv Cohen's motion for summary judgment dismissing the cause of action for breach of fiduciary duty as against Cohen, unanimously reversed, on the law, and the motion denied.
Defendants failed to establish prima facie that Cohen served as the sole member of the condominium corporation board during the period of sponsor control only as a representative of the sponsor, and therefore owed no fiduciary duties to plaintiff condominium corporation and the unit owners in his individual capacity. The Offering Plan provided that, during the sponsor-controlled period, "the Board shall consist of one person designated by Sponsor," and that "Sponsor anticipate[d] designating ... Yaniv Cohen." Defendants argue that Yaniv was not a "sponsor-designee" who owed fiduciary duties, because only the sponsor was responsible for condominium affairs during the period of sponsor control. However, the Offering Plan provided that during that period the sponsor would control condominium affairs "through its control of the Board," and the sponsor controlled the board through the person it designated (Cohen). Like the sponsor-appointed board in Board of Mgrs. of Fairways at N. Hills Condominium v Fairway at N. Hills (193 AD2d 322, 327 [2d Dept 1993], this board owed a fiduciary duty to plaintiff and the unit owners.
A breach of fiduciary duty claim may be asserted against Cohen individually, because as the sole member of the sponsor-controlled board he either "participated" or "directed, controlled, approved, or ratified" the decisions challenged in this action (Fletcher v Dakota, Inc., 99 AD3d 43, 49 [1st Dept 2012] [internal quotation marks omitted]; see Gochberg v Sovereign Apts., Inc., 119 AD3d 431, 432 [1st Dept 2014]). Plaintiff alleges that Cohen received notice of defects, failed to address them properly, and concealed known defects, which resulted in the creation of hazardous conditions. Plaintiff also submitted evidence of the complaints that unit owners began to assert during the period of sponsor control. Accordingly, issues of fact exist regarding whether Cohen's actions or inactions constitute a breach of fiduciary duty. Because there has been no discovery, and Cohen's knowledge of conditions and intent with respect thereto are matters exclusively within defendants' control, summary dismissal of the breach of fiduciary [*2]duty cause of action was inappropriate (see Slemish Corp., S.A. v Morgenthau, 63 AD3d 418, 419-420 [1st Dept 2009]).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: FEBRUARY 21, 2019
CLERK