Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc. (2022 NY Slip Op 07044)

Board of Mgrs. of Van Wyck Glen Condominium v Van Wyck at Merritt Park Homeowners Assn., Inc.

2022 NY Slip Op 07044

Decided on December 14, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 14, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ANGELA G. IANNACCI
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-00411
 (Index No. 50017/17)

[*1]Board of Managers of Van Wyck Glen Condominium, et al., respondents, 
v
Van Wyck at Merritt Park Homeowners Association, Inc., et al., appellants (and a third-party action).

Braverman Greenspun, P.C., New York, NY (Jon Kolbrener and Kelly Ringston of counsel), for appellants.
Handel & Carlini, LLP, Poughkeepsie, NY (Anthony C. Carlini, Jr., of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, for declaratory relief, the defendants appeal from an order of the Supreme Court, Dutchess County (Christi J. Acker, J.), dated January 8, 2021. The order, insofar as appealed from, denied those branches of the defendants' motion which were pursuant to CPLR 3211(a) or, in the alternative, for summary judgment dismissing the first cause of action and the second cause of action insofar as asserted against the defendants Anthony Costa and Dick Hack, and granted those branches of the plaintiffs' motion which were for summary judgment awarding the plaintiffs the sum of $40,696.32 against the defendant Van Wyck at Merritt Park Homeowners Association, Inc., and dismissing so much of the first counterclaim as sought a judgment declaring the meaning of a certain provision in the plaintiffs' respective by-laws.
ORDERED that the order is affirmed insofar as appealed from, with costs.
This action concerns related condominium communities in Fishkill, which include the Van Wyck Glen Condominium (hereinafter the Glen) and Van Wyck Meadows Condominium (hereinafter the Meadows) (hereinafter together the condominiums). The condominiums were developed by the same sponsor and each of their governing documents appoint the defendant Van Wyck at Merritt Park Homeowners Association, Inc. (hereinafter the HOA), to provide certain services in connection with the maintenance, repair, and replacement of the common elements of the condominiums, and authorized the HOA to collect assessments from the unit owners for such purposes. As relevant to this appeal, Article III, Section 11 of each condominium's bylaws, titled "Appointment of Board of Directors of Association as Irrevocable Managing Agent," provided that its board of managers "shall be deemed to have irrevocably appointed" the HOA to provide certain services in connection with the common elements. Shortly after the sponsor relinquished control of the condominiums to their respective boards of managers, issues arose with the HOA, and the condominiums sought to take control of some of the services that the HOA had been providing.
The plaintiffs, the board of managers of the Glen and the board of managers of the Meadows, commenced this action against the HOA and two of its board members, the defendants Anthony Costa and Dick Hack. The first cause of action sought a judgment declaring the parties' respective rights to maintain and repair the common elements of the condominiums. The second cause of action sought damages for breach of fiduciary duty. In their answer, the defendants asserted [*2]several counterclaims, the first of which sought a judgment declaring, among other things, the meaning of "Irrevocable Managing Agent" as used in Article III, Section 11 of the plaintiffs' respective bylaws.
Settlement negotiations ensued, and by order dated September 26, 2018, made upon the stipulation of the parties, the Supreme Court, inter alia, directed both plaintiffs to hold a meeting to amend their respective bylaws. Each of the plaintiffs subsequently held meetings at which the homeowners voted to approve an amendment to the condominium's bylaws deleting the existing language in Article III, Section 11, and replacing it with a provision by which the board of managers would consult with the HOA, among others, for the purpose of providing uniform services and appearance within the community of related condominiums.
Thereafter, the defendants moved pursuant to CPLR 3211(a), or, in the alternative, for summary judgment dismissing the complaint. The plaintiffs moved, among other things, for summary judgment dismissing so much of the first counterclaim as sought a judgment declaring the meaning of "Irrevocable Managing Agent" as used in Article III, Section 11 of the plaintiffs' respective by-laws, and awarding the plaintiffs the sum of $40,696.32 for rental revenue wrongfully retained by the defendants. In an order dated January 8, 2021, the Supreme Court, inter alia, granted those branches of the plaintiffs' motion, and granted that branch of the defendants' motion which was to dismiss the second cause of action insofar as asserted against the HOA, but otherwise denied their motion. The defendants appeal.
The Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the first counterclaim as sought a judgment declaring the meaning of "Irrevocable Managing Agent" as used in Article III, Section 11 of the plaintiffs' respective bylaws. Contrary to the defendants' contention, the plaintiffs established, prima facie, that the amendments to their respective bylaws were procedurally proper. Article X of each of the bylaws provide for their amendment upon the approval of 66&frac23;% of homeowners and 51% of first mortgage holders. The plaintiffs submitted affidavits and documents demonstrating that they complied with this amendment procedure (see Viviane Etienne Med. Care, P.C. v County-Wide Ins. Co., 25 NY3d 498, 508), and made the requisite filings with the Dutchess County Clerk. In opposition, the HOA failed to raise a triable issue of fact as to the propriety of these procedures. Accordingly, the plaintiffs established, prima facie, that the language in Article III, Section 11 of their respective bylaws about which the defendants sought a declaration no longer exists.
"It is a fundamental principle of our jurisprudence that the power of a court to declare the law only arises out of, and is limited to, determining the rights of persons which are actually controverted in a particular case pending before the tribunal" (Matter of Hearst Corp. v Clyne, 50 NY2d 707, 713; see Coleman v Daines, 19 NY3d 1087, 1090). Courts are generally precluded "from considering questions which, although once live, have become moot by passage of time or change in circumstances" (Matter of Hearst Corp. v Clyne, 50 NY2d at 714; see City of New York v Maul, 14 NY3d 499, 507). Here, the plaintiffs established a change in circumstances, namely the amendment to their respective bylaws, which rendered the defendants' request for declaratory relief with respect to that provision of the bylaws academic. Accordingly, the Supreme Court properly granted that branch of the plaintiffs' motion which was for summary judgment dismissing so much of the first counterclaim as sought a judgment declaring the meaning of "Irrevocable Managing Agent" as used in Article III, Section 11 of the plaintiffs' respective bylaws.
Contrary to the defendants' contention, the second cause of action in the complaint alleges with sufficient particularity (1) the existence of a fiduciary relationship, (2) misconduct by Costa and Hack, and (3) damages directly caused by that misconduct (see CPLR 3016[b]; Mann v Sasson, 186 AD3d 823, 824), and, therefore, states a cause of action to recover damages for breach of fiduciary duty insofar as asserted against Costa and Hack. Furthermore, in response to the assertions of those defendants in their respective affidavits that they engaged in no wrongdoing and acted within the scope of their authority as Board members (see generally Graham v 420 E. 72nd Tenants Corp., 168 AD3d 568; Tucciarone v Hamlet on Olde Oyster Bay Homeowmers Assn., Inc., 154 AD3d 898, 901), the plaintiffs raised triable issues of fact (see Bowery 263 Condominium Inc. v D.N.P. 336 Covenant Ave. LLC, 169 AD3d 541, 542; Gochberg v Sovereign Apts., Inc., 119 AD3d 431, 432). Accordingly, the Supreme Court properly denied that branch of the defendants' motion which was pursuant to CPLR 3211(a)(7), or, in the alternative, for summary judgment dismissing [*3]the second cause of action insofar as asserted against Costa and Hack.
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., IANNACCI, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court